ANNA P. MARSHALL, Plaintiff, v. CULVER MARSHALL, Defendant.

(County Court, Dutchess County, July, 1921.)

Summary proceedings — when wife cannot maintain against husband — Code Civ. Pro. § 2232, subd. 4.

Where a husband and wife live together upon premises owned by her she cannot maintain summary proceedings under section 2232(4) of the Code of Civil Procedure to remove him from the premises on the ground that he is a squatter.

Cipperly v. Cipperly, 104 Misc. Rep. 434, followed.

SUMMARY proceedings by plaintiff to remove defendant from her premises.

Elijah T. Russell, for plaintiff.

William A. Mulvey, for defendant.

ARNOLD, J. A petition was made and filed in the above entitled action to remove the defendant on the ground that he is a squatter, and subdivision 4, section 2232 of the Code of Civil Procedure is invoked as authority for such removal. The defendant has filed an answer in which he alleges that he is the husband of the plaintiff, the petitioner, and as such husband he moved on the premises at the time of the

marriage and that the marital relation still exists between the parties. Upon the filing of the answer, the plaintiff by her attorney admits that the parties are husband and wife, that the title to the premises is in the wife's name and that originally the parties entered into possession of the premises as husband and wife. The question, therefore, is whether under the provisions of the Code relating to summary proceedings the plaintiff in this proceeding can terminate the occupancy of her husband upon the premises, or in short, remove him and in effect obtain a separation from him under summary proceedings, disregarding the other provisions of the Code which relate exclusively to matrimonial actions. The question as raised in this case is indeed a novel one and neither the research of the counsel nor of the county judge has been able to find that the matter has ever been before the courts in this or any other state except in the case of *Cipperly* v. *Cipperly,* 104 Misc. Rep. 434, which is exactly in point upon the question under consideration. In that case, the wife was the owner in fee of the premises and alleges that she gave her husband, the defendant, permission to occupy the land in question; that said permission was revoked and notice of such revocation was duly given to said defendant and that her husband held over and continued in possession of said real property after notice to quit had been given. The court said: '' It necessarily follows that while the parties are living together as husband and wife neither could oust the other as a squatter. In the present case, construing the facts most favorably to the plaintiff, she is in possession and the defendant is not.'' P. 436. In my opinion, the reasoning of the learned county judge of Rensselaer county in the case cited can well be adopted in this case as a controlling authority since

my attention has not been called to any other. He says: " The rights of the husband have been taken away by statute but the marital relation remains and in no sense is a husband living with a wife on property owned by her, in possession of the property or a squatter upon the property. If there is to be a separation between the parties so that either may compel the other to live apart the law provides a way of accomplishing it. The way provided is not in this proceeding."

As concededly the husband and wife are living upon the premises from which she now seeks to oust him, the case of *Wood* v. *Wood,* 83 N. Y. 575, has no bearing upon the case under consideration and is only referred to now to point out that if the wife was out of possession or had been ousted by her husband then under the authority of *Wood* v. *Wood* and the cases cited she could sue to recover possession, alleging that the marital relation no longer existed so far as the parties living together were concerned and that she, therefore, was entitled to possession of her property. If the plaintiff's contention is correct and a judgment can be entered in her favor then she would have in effect a separation from her husband in a summary proceeding which may even be brought in a Justice's Court, without in any way submitting to the jurisdiction of the tribunal named by the legislature in which to bring an action where all the marital questions involved may be considered and determined. I cannot believe that the legislature ever intended that a summary proceeding was the proper place to settle such questions between husband and wife and upon the authority of said *Cipperly* case, in which I concur, this proceeding must be dismissed.

Petition dismissed.