SAMUEL A. HALABY, SR., Appellant, *v.* LILLY F. HALABY, Respondent.

Fourth Department, May 23, 1974.

*Lines, Wilkens, Osborn & Beck* (*William T. Lehman* of counsel), for appellant.

*Wickins, Ashnault, Schaefer & Maloy* (*Lewis Gould* of counsel), for respondent.

DEL VECCHIO, J. The sole question presented by this appeal is whether summary proceedings are available to a husband to recover possession of a residence owned by him and occupied by his wife, to whom Family Court has awarded a weekly cash support payment which "will constitute the entire legal obligation of support that respondent [husband] will owe petitioner [wife]".

The parties have been married since 1929 and have raised seven children, all of whom are of full age. In 1969 the wife, residing with her husband in the home owned by him and occupied by them since 1962, brought a support proceeding against him in Family Court of Monroe County, which resulted

in an order by that court, upon stipulation by the parties, by which the husband was to pay the wife $650 a month support if he paid the income taxes or $750 a month if she paid her own taxes, to pay automobile and house insurance, medical and dental expenses, to provide his wife a car and to pay expenses and maintenance of the residence of the parties. The order also provided that each of the parties might occupy the home.

In December, 1970 the husband vacated the premises but the wife remained in what Family Court described as the '' spacious home containing five bedrooms, three baths, a powder room and other rooms, all on a large lot ''. None of the children reside with her regularly. In June, 1971 the husband moved for a reduction of support and the wife cross-applied for an upward modification, both asserting changed circumstances. On March 3, 1973 the Family Court Judge, referring to the decision in *Hahn* v. *Hahn* (40 A D 2d 624) in which this court disapproved support orders directing payment of specific expenses rather than of a specific sum, issued a decision providing: '' Respondent is obligated to support petitioner in the total amount of Eighteen Thousand Two Hundred Dollars ($18,200.00) per year. This amount, payable $1,516.50 per month, commencing the first day of the month following the entering of the order herein, will constitute the entire legal obligation of support that respondent will owe petitioner. (See *Hahn* v. *Hahn,* 40 A D 2d 624, and cases cited therein.) The Court intentionally omits directing disposition of specific assets of respondent or controlling the use and possession of 2067 Clover Street, and thereby vacates any previous orders in this regard.''

In the course of attempting to agree on the form of the order to be submitted to the Family Court Judge, the parties and their attorneys and the attorneys themselves exchanged communications by which they sought to work out a date on which the wife would vacate the residence. At the outset the wife's attorney prepared an order, consented to formally by his client, by which it was agreed that she could remain in the premises for one year after the order, during which no real estate people would be permitted in the house. An affidavit by the husband's attorney, not controverted by the wife's attorney and supported by correspondence, states that the parties did in fact agree on a date of September 1, 1973 for surrender of the premises to the husband.

On August 23, 1973 an order was prepared and signed by the Family Court Judge containing a direction for payment of monthly support of $1,516.50 commencing on October 1, 1973

and providing that "this Order shall supercede all prior orders relative to support of petitioner, including possession of 2067 Clover Street, Rochester, New York". That order was subsequently amended to provide that all prior orders relative to support payments should not be canceled until the first payment date of the new order—i.e., October 1, 1973.

When it became apparent that the wife did not intend to vacate the Clover Street premises, the husband began this proceeding in Monroe County Court under article 7 of the Real Property Actions and Proceedings Law to recover possession. That court dismissed the proceeding on the grounds "that no landlord-tenant relationship has been shown and that Petitioner is calling upon the County Court to resolve possessory and property rights of a husband and wife where no decree of divorce or formal separation exists between the parties".

On the facts of this case we think it was error to dismiss the proceeding.

The remedy provided by article 7 of the Real Property Actions and Proceedings Law is not limited to instances of a landlord-tenant relationship. Section 713 of the statute lists several grounds upon which a summary proceeding may be maintained where no such relationship exists, including the instance in which the person in possession is a licensee whose license has expired or been revoked (subd. 7). In the circumstances presented by the record before us, in which full provision has been made for satisfaction of the husband's obligation to support the wife by monthly cash payments pursuant to court order, we think the maintenance of a summary proceeding against the wife by the husband to recover possession of his premises is permissible under that subdivision. Nor do we regard the maintenance of such a proceeding—which simply implements the prior judicial determination of the right and obligation of support—as an improper resolution of possessory and property rights of the husband and wife. A summary proceeding is precisely the remedy provided for resolution of possessory rights.

In support of the dismissal of the petition in this case, the wife relies on several lower court cases and a quotation from a leading text on real property law (*Wright* v. *Wright,* 188 Misc. 268; *Mele* v. *Russo,* 168 Misc. 760; *Brooks* v. *Brooks,* 146 Misc. 335; *Marshall* v. *Marshall,* 116 Misc. 249; *Cipperly* v. *Cipperly,* 104 Misc. 434; 5 Warren's Weed Real Property [4th ed.], Summary Proceedings, § 4.04). In each instance, however, the question was whether summary proceedings might be main-

tained against a wife under a section of the statute (then subdivision 4 of section 1411 of the Civil Practice Act) which permitted use of the remedy against one who had "intruded into or squatted upon" property, prior to the statutory amendment in 1951, which added a licensee whose license has expired or been revoked as a proper party respondent (L. 1951, ch. 273). The case of *Mayeri* v. *Mayeri* (26 Misc 2d 6), also cited by the wife, is inapplicable; it simply dealt with and upheld the power of the court to exclude a husband who was committing acts of physical violence from the home owned by his wife pending the trial of a matrimonial action.

Finally, we do not regard the decision in *Rosenstiel* v. *Rosenstiel* (20 A D 2d 71) as determinative. Although in that action the First Department indicated by way of dictum that it did not regard a wife as a licensee subject to removal by summary proceedings, the case must be distinguished on the ground that there had been no determination of and provision for the wife's right of support by cash payments prior to the summary proceeding. The basis for the court's unwillingness to classify the wife as a licensee was its recognition that "the husband has the obligation by virtue thereof [the marriage relationship] to support and maintain his wife" and that "The maintenance of a home or housing for the wife is a basic and necessary element of such support". (20 A D 2d, at p. 77.)

In the present case however the obligation of support, including the provision of housing, has been fully satisfied by the order of Family Court awarding the wife monthly payments of $1,516.50, and no argument has been made by the wife that such was not the intention of the court and the understanding of the parties. By virtue of that full support award, this case is taken out of the range of the *Rosenstiel* decision, where the issue was stated as whether the licensee subdivision of the summary proceedings statute "may be applied to authorize the maintenance of summary proceedings to evict a wife *whose rights as such have not been annulled or modified by any court decree or special agreement*". (20 A D 2d, at p. 73.) Here, the wife's rights have indeed been modified and defined by court decree. Having had her right to support translated into an award of a specified sum of money payable monthly, she may appropriately be regarded as a licensee in her husband's house whose license has expired or been revoked. In that circumstance she is not unlike the wife in *Tausik* v. *Tausik* (11 A D 2d 144, affd. 9 N Y 2d 664), against whom summary proceedings were maintainable when her occupancy of the marital residence after the marriage had

gone aground was related to an agreement executed by the parties, rather than to her status as the wife of the owner.

In the absence of any compelling authority that a wife may not be regarded as a licensee in the property of her husband after full provision has otherwise been made for her support, we believe that she may be removed as any other licensee whose privilege of remaining in the premises has been revoked. We therefore conclude that summary proceedings are available to the husband now before us.

A contrary conclusion would relegate the husband either to an ejectment action under article 6 of the Real Property Actions and Proceedings Law or to a return to Family Court for a reduction in support payments.

The first alternative is inadequate because of the time which would be consumed before the action would reach trial, during which damage might result to the husband, both in the form of deterioration of the premises and in the loss of opportunities for sale (which the husband contemplates) while liability for mortgage payments and maintenance continues, as well as the unjustified double benefit enjoyed by the wife.

The second alternative offers no assurance of recovery of possession by the husband. Nothing in the Family Court Act authorizes that court to award possession of property to a husband paying support (cf. Domestic Relations Law, § 234). While a reduction of cash support by the court might induce the wife to vacate the premises, it might also be ineffective in the case of a wife who was adamant in wishing to deprive her husband of possession. In the case of a wife who was financially independent and had no support award (see *Phillips* v. *Phillips*, 1 A D 2d 393, affd. 2 N Y 2d 742), it would be a totally inadequate remedy.

In *Sarmiento* v. *Sarmiento* (43 A D 2d 867) the Second Department recently recognized the inappropriateness of permitting a wife to retain possession of a marital domicile (of which she was co-owner) which by its size exceeded her needs with consequent disadvantage to the husband. There the court reversed as an abuse of discretion the denial of an application by the husband for partition of the marital residence where the wife, after divorce, was continuing to live in the seven-room house with two baths. The marriage was childless, and the court stated: '' Smaller living quarters can adequately accommodate plaintiff living alone ''.

In the present case the wife is living in an even larger house, effectively preventing a sale of the property, despite a Family

Court award of monthly payments in full satisfaction of her husband's obligation to support. In view of that award, the proceeding instituted under article 7 of the Real Property Actions and Proceedings Law should not have been dismissed.

The order should be reversed and the petition granted.

MARSH, P. J., MOULE, SIMONS and GOLDMAN, JJ., concur.

Order unanimously reversed without costs and petition granted.