■ In the Matter of DELANO CATERERS, INC., Petitioner, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK, Respondent.—Determination of respondent Department of Consumer Affairs rendered October 29, 1974, suspending petitioner's cabaret licenses in all five public rooms in the hotel premises operated by petitioner for a period of three months, unanimously modified, on the facts and in the exercise of discretion, to confine such suspension to that room only in which the violation charged against petitioner by respondent took place, and otherwise confirmed, without costs and without disbursements. We find, in the circumstances disclosed in the record, the modified penalty to be appropriate to the violation, whereas that imposed by respondent is excessive and confiscatory. Concur—Markewich, J. P., Kupferman, Tilzer, Lane and Yesawich, JJ.

■ RIMA M. CHANIN, Respondent, v GERALD M. CHANIN, Appellant.—. Order, Supreme Court, New York County, entered June 30, 1975, unanimously affirmed, without costs and without disbursements, and the case disposed of otherwise as hereinafter set forth. We find indications of violent conduct on the part of defendant-appellant husband, not entirely refuted, which arguably renders it necessary that the family apartment, claimed to be solely owned by the husband, be surrendered to the wife pending trial. (Cf. *Lerner v Lerner,* 21 AD2d 861; also, see Domestic Relations Law, § 234.) Nor is the husband's sole, ownership completely unquestioned. Further, there may well be psychiatric overtones in the claimed conduct of the wife. These emergent circumstances point to the necessity of speedy trial. To that end, we direct immediate transfer of the case to Trial Term, New York County, to be set down for trial within 30 days of service of a copy of the order entered hereon. Trial has been too long delayed. Should plaintiff not be ready for trial as indicated, defendant will be privileged to seek relief anew. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.