■ Cassandra D. Lolli-Ghetti, Appellant, v Alberto Lolli-Ghetti, Respondent. — Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered November 27, 1984 which, in part, denied plaintiff wife's motion for exclusive use and occupancy of the marital residence at 640 Park Avenue in Manhattan, pendente lite, and granted defendant husband's cross motion to allow the marital residence to be shown and placed for sale, unanimously modified, on the law, the facts and in the exercise of discretion, without costs, to grant plaintiff's motion for exclusive occupancy and to vacate the direction authorizing the placement and showing of the apartment for sale purposes and the negotiation of such sale subject to court approval.

The parties were married in New York in 1976. There are three issue of the marriage, all born in the United States — a son born in 1977, a daughter born in 1979, and a daughter born in 1983.

For the duration of their marriage, the parties have resided in an expensive 15-room cooperative apartment at 640 Park Avenue, apparently purchased with a cash wedding gift from defendant's father, albeit title to the cooperative shares is solely in

the name of defendant. The parties enjoyed a lavish life-style, apparently far in excess of the salary earned by defendant. The wife has not been employed.

In this action for divorce based on cruel and inhuman treatment, plaintiff asserts that she has been subjected to a course of physical abuse which exacerbated the multiple sclerosis condition from which she has suffered since 1980. The most recent disputes between the parties apparently arose from the fact that the defendant's job required that he move to Monaco. Although the wife had initially agreed to the move, she had a change of heart about moving, and quarrels ensued.

There is sufficient evidence in the record to establish physical abuse of the wife by the husband, particularly since the issue with respect to moving arose. It is plain that it was on this basis that Special Term directed that defendant occupy only a small portion of the apartment and not enter the marital bedroom or bathroom, and otherwise restricted his presence in the balance of the apartment "to a minimum".

In our view this limited direction was an improvident exercise of discretion. Although there is some dispute as to the various physical assaults, there is sufficient to demonstrate that it is inappropriate for the parties to reside in the same apartment. There is adequate evidence to establish serious physical abuse so as to warrant an award of exclusive occupancy of the marital home to the plaintiff wife pendente lite.

Although no two cases are alike, it is clear on the facts in this case that such an order is appropriate (*Binet v Binet,* 53 AD2d 836; *Chanin v Chanin,* 50 AD2d 541).

Although Special Term recognized the problem, it was apparently concluded that the possibility of reconciliation might be advanced if the parties resided in the same apartment. We disagree. The restrictions imposed by Special Term might very well cause the situation to be exacerbated. Moreover, this is not a case where defendant would be deprived of a place to live when visiting with his children in New York City. He has a sister who has a substantial apartment here, where he has stayed. There are also other quarters available to him.

There is no basis for presently placing the marital home on the market for sale. Obviously substantial disclosure of the parties' assets will be required before final resolution of the economic questions in connection with equitable distribution, either through settlement or trial. So far as appears, there is little likelihood that the value or price at which the apartment can be sold will depreciate in the near future. Current showing of the apartment and negotiations for its sale may well become a

vehicle for harassment. There appears to be no reason for immediate sale. Concur — Kupferman, J. P., Sandler, Sullivan and Fein, JJ.