OPINION OF THE COURT
Sidney Rosen, J.
This is a holdover proceeding between two individuals who have resided and cohabited together for a number of years without having had the benefit of marriage. The petitioner is the title owner of the one-family dwelling and now seeks to evict the respondent, asserting a claim that she is a licensee whose license has been revoked. The matter is before the court on petitioner’s motion to strike a number of the affirma *506 tive defenses and counterclaims set forth in the answer of the respondent and for summary judgment.
Respondent’s answer and opposition to the motion is based upon a claim of constructive trust whereby respondent is entitled to an equitable interest in the premises, and as such, respondent is not a licensee. Thus, an issue has been presented with respect to the court having subject matter jurisdiction of this proceeding.
Despite protracted research by the court, the precise issue, that is, the legal status of a paramour with respect to her continued occupancy in the apartment after love’s ardor has cooled, does not appear to have been the subject of any prior decisions. There have been several cases involving husbands and wives where the courts were required to decide whether summary proceedings were available to a spouse who sought to remove the other spouse from the marital home.
In the oft-cited case of Rosenstiel v Rosenstiel (20 AD2d 71), the Appellate Division, First Department, held that the wife was not a licensee of her husband and that as long as the marriage relationship is unabridged by a decree of a court of competent jurisdiction or by a valid agreement, the husband cannot employ summary proceedings to evict the wife.
In Tausik v Tausik (9 NY2d 664), summary proceedings were authorized because the husband and wife had voluntarily separated and had executed a written agreement signed by the wife which was held to constitute a license to use the husband’s property. It was not necessary to make a determination AS TO THE WIFE’S STATUS.
Where the wife’s right to support has already been determined by an order of the Family Court, summary proceedings were maintainable against her by the husband to recover possession of his premises under RPAPL 713 (7). (Halaby v Halaby, 44 AD2d 495.)
The case of Matter of Brennecke v Smith (42 Misc 2d 935) is further evidence of a disinclination by the courts to treat a spouse as a mere licensee, but, instead, require an independent determination of status that is the result of a court decree or agreement of the parties. In the Brennecke case, the respondent husband had purchased the house while married and thereafter conveyed the same to his wife. The wife left the home and subsequently conveyed the premises to the petitioner, who then commenced a summary proceeding to oust respondent. Citing the Rosenstiel case (supra), the court *507 declared that the occupancy of the husband was not that of a mere licensee. Apparently, the court imputed to the petitioner the knowledge of the nature of respondent’s occupancy vis-ávis his wife.
Of course, in Rosenstiel (supra), it was not necessary for the court to ascribe a particular status to the respondent. She was the "wife” of the petitioner, endowed with all of the matrimonial and legal rights incidental to such position. Admittedly, the respondent in the case at bar may not be cloaked with such status. However, to relegate her to a classification of a mere licensee is quite untenable. "As generally understood in the law of real property, a licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege.” (Rosenstiel v Rosenstiel, supra, at 76.) Can we reasonably conclude that one who assumes a "marital relationship” without the benefit of a legal marriage comes within that definition. I think not! She is, at least, a co-occupant who possesses an interest in the property and who, in this case, asserts a claim to ownership. As such, it is the opinion of this court that she may not be removed from occupancy in a summary proceeding commenced under RPAPL 713 (7).
In Rizzo v Gabriele (NYLJ, May 13, 1987, at 12, col 3), the court was called upon to determine a dispute between the parties who had lived together for some 10 years, though they were never married to each other. The premises had undergone a co-op conversion and although the defendant had removed from the premises, allegedly against his will, the parties were competing for the right to purchase the apartment. Implicit in the decision was a finding that the parties were cotenants and were treated as such by the sponsor of the conversion plan.
Social realities require the courts to recognize that unmarried occupants who reside together as husband and wife acquire some rights with respect to continued occupancy of the apartment they shared not unlike those acquired by a spouse. (Concourse Vil. v Bilotti, 133 Misc 2d 973, and cases cited therein.)
Having decided that respondent, Tyler, is not a licensee, this court does not have subject matter jurisdiction of this hold *508 over proceeding. Rather than dismiss the proceeding, the court has been requested by counsel for respondent to transfer the matter to the Supreme Court.
It has been held that "To minimize fragmentation of jurisdiction, section 19 of Article VI of the Constitution provides for transfer, rather than dismissal, of actions and proceedings not cognizable in the transferring court.” (Matter of Young, 80 Misc 2d 937, 939; Zurich Ins. Co. v Evans, 90 Misc 2d 286.)
Respondent’s claim of a constructive trust is an issue properly within the jurisdiction of the Supreme Court. Likewise, the petitioner’s right to oust the respondent from the premises is the proper subject of an action for ejectment. Thus, the Supreme Court, as a court of general, original and unlimited jurisdiction, is the proper forum for the determination of the issues here involved.
In accordance with the mandate of the State Constitution, it is directed that this proceeding be transferred to the Supreme Court of the County of Bronx (CPLR 103 [c]; 326).
Inasmuch as this court lacks subject matter jurisdiction, petitioner’s motion to strike the defenses, sever the counterclaims and for summary judgment are denied, without prejudice, with leave to renew said motions in the court of proper jurisdiction.