OPINION OF THE COURT
Rolando T. Acosta, J.
This summary proceeding, tried before the Court on June 21, 2001, arises from petitioner husband’s claim that his wife, re *145 spondent, locked him out of the apartment they shared in violation of Administrative Code of the City of New York § 26-521. Petitioner seeks a judgment awarding and restoring him to possession of the subject premises pursuant to RPAPL 713 (10).
The proceeding requires the Court to determine whether a spouse who has been locked out of the marital apartment because of allegations of family disruption may properly avail himself of a summary proceeding in Housing Court under RPAPL 713 (10), seeking restoration to the subject premises.
The Facts
At trial, petitioner testified that on May 23, 2001, he and his wife had a “verbal dispute,” that his wife called the police, and that when the police arrived at the apartment they told him to leave the apartment to “cool off.” Petitioner further testified that although he complied with the request of the police, when he returned to his apartment, his property was strewn outside of the apartment door in the hallway, the locks had been changed and respondent would not let him in the apartment.
In support of his claims, petitioner introduced into evidence a “New York State Domestic Incident Report,” which memorialized his complaints. Petitioner admitted that he and his wife had engaged in prior similar disputes which required police intervention in the past and that on at least one occasion in 1998 an order of protection had been issued in respondent’s favor, barring petitioner from the marital home for one year.
Petitioner also called the managing agent of the subject premises as a witness. The agent testified that petitioner was a tenant of the apartment at the time of the alleged lock-out and was listed as the “head of household” on HUD’s “Certification of Compliance” form, which was signed by respondent in July 2000.
Respondent, on the other hand, testified that petitioner had not been in the apartment for some time and that she refused to let him “move back” in the apartment on May 23, 2001, because petitioner told their son that he was a gang member of the “Bloods,” that women belong under his “feet,” and that women should not be “respected.” Although respondent continues to refuse to permit petitioner into the apartment, respondent denied that she changed the locks. Respondent also claimed that she did not place petitioner’s property outside of the apartment.
Respondent further testified that on May 25, 2001, she commenced a family offense proceeding against petitioner and *146 obtained a temporary order of protection from Family Court. The order, which was admitted into evidence, directs petitioner Samuel Billips to “stay away” from the “home” and “place of employment” of Mildred Billips and to refrain from “assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense against Mildred Billips.” The order further provides that it “shall remain in effect until August 31, 2001,” the date the family offense proceeding is scheduled to be heard.
Prior to and during trial, the parties also expressed their intent to resolve the issues of divorce/separation and child custody in Supreme and Family Courts.
Discussion
New York City’s “unlawful eviction” law is contained in Administrative Code § 26-521 (a). That section provides:
“It shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit * * * except to the extent permitted by law pursuant to a warrant of eviction or other order of a court of competent jurisdiction * * * by * * *
“(3) engaging or threatening to engage in any other conduct which prevents or is intended to prevent such occupant from the lawful occupancy of such dwelling unit * * * including * * * changing the lock on the entrance door without supplying the occupant with a key.”
Should an occupant be locked out of his apartment or otherwise evicted in violation of the foregoing unlawful eviction statute, one of his options is to seek restoration to the premises by commencing a summary proceeding pursuant to RPAPL 713 (10),[1] as long as he can demonstrate that he or she “was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer.” (Id.; see Ric-Mar Equity Ventures v Murrell, 184 Misc 2d 298, 299 [App Term, 2d Dept 2000] [when a tenant is locked out of his premises, the “tenant’s remedy * * * is to commence a proceeding pursuant to RPAPL 713 (10) to be restored”]; Saccheri v Cathedral Props. Corp., 184 Misc 2d 304, 305 [App Term, 2d Dept 2000].)
*147 The remedy of restoration to the premises is available even where the ousted occupant was locked out by a tenant in common or by a colessee. (See Markun v Weckstein, 100 Misc 668, 670 [App Term, 1st Dept 1917] [the remedy of restoration, under the predecessor statute, “is open to any one who is lawfully entitled to possession of real property and who is put out of it or kept out of it by force”]; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 36:6, at 561-562; § 36:7, at 562 [4th ed].) In such cases the order of restoration is usually coupled not with a warrant of eviction against the offending tenant/colessee of the premises (i.e., the person who engaged in the forcible or unlawful entry or forcible or unlawful detainer), but with an order removing the offending tenant/colessee from his or her self-imposed “exclusive” possession of the premises. (Markun v Weckstein, supra, 100 Misc at 670.)
Here, the important question for the Court is whether petitioner husband, having been locked out of the marital apartment by his spouse (a tenant in common) because of allegations of family disruption, may properly avail himself of a summary proceeding under RPAPL 713 (10) seeking restoration to the subject premises. Because the Court concludes that a summary proceeding is not the proper legal means to obtain restoration to the marital residence and Housing Court is not the proper forum to resolve the parties’ family dispute, the Court denies petitioner’s application to be restored to the apartment and dismisses petitioner’s proceeding.[2]
It is well settled that, as a general matter, one spouse may not commence a summary proceeding pursuant to RPAPL 713 to evict the other spouse from the marital home, where the marital relationship has not been previously annulled or otherwise modified by a court order or some other special agreement. (Rosenstiel v Rosenstiel, 20 AD2d 71, 73-74 [1st Dept 1963]; see also Sirota v Sirota, 164 Misc 2d 966, 967 [Civ Ct, Kings County 1995] [father may not use summary proceeding under RPAPL 713 to evict adult children, relying on Rosenstiel], revd on other grounds 168 Misc 2d 123 [App Term, 1st Dept 1996]; Minors v Tyler, 137 Misc 2d 505, 506 [Civ Ct, NY County 1987] [applying the Rosenstiel holding to “unmarried occupants who reside together as husband and wife”].)
In Rosenstiel (at 73), the Appellate Division refused to permit a husband to employ a summary proceeding under RPAPL 713 *148 to evict his wife given the absence of “a clear manifestation of legislative intent to render the statute so applicable.” Such a manifestation of legislative intent was necessary, according to the Court, because the Legislature, having enacted the Domestic Relations Law, the CPLR and the Family Court Act, codified certain rights, obligations and remedies affecting “a husband and wife, one to the other,” and specifically conferred general jurisdiction over the marital relationship onto Supreme Court and Family Court, “which are properly fitted and equipped to handle the myriad of problems which may arise out of a family relationship.” (Rosenstiel v Rosenstiel, supra, 20 AD2d at 73.)
The Appellate Division explained:
“The use and possession of the family home is so essentially a part of the jurisdiction and responsibility of [Supreme Court and Family Court] in family matters that, had the Legislature intended to confer upon other courts [i.e., Civil Court of the City of New York] jurisdiction over such use and possession, it is clear that it would have made its intent in this regard plainly known * * * In fact, if the husband were so enabled to secure the physical removal of his wife and family from the marital home by means of a summary proceeding prosecuted by him, he could thereby in effect obtain in such courts of limited jurisdiction a separation from his wife without in any way submitting to the jurisdiction of the tribunals having general cognizance of family affairs * * * It is inconceivable that the Legislature would enact a law having this effect.” (Rosenstiel v Rosenstiel, supra, 20 AD2d at 73-74; see also Marshall v Marshall, 116 Misc 249, 251 [Dutchess County Ct 1921] [“the legislature (n)ever intended that a summary proceeding was the proper place to settle (possession-related) questions between husband and wife”]; Cipperly v Cipperly, 104 Misc 434, 436 [Rensselaer County Ct 1918] [“If there is to be a separation between (a husband and wife) so that either may compel the other to live apart, the law provides a way of accomplishing it. The way provided is not this (summary) proceeding”].)
Although Rosenstiel and the foregoing cases involved a *149 spouse’s attempt to evict the other spouse from the marital home, this Court finds that the Rosenstiel rationale for dismissing the summary proceeding is equally applicable in a case where, like the case here, one spouse is attempting not to evict the other spouse, but to be restored to possession of the marital home. Whether a spouse is seeking to evict the other spouse or is seeking to be restored to possession with the other spouse following an illegal lock-out, the fact remains that “[t]he use and possession of the family home is so essentially a part of the jurisdiction and responsibility of’ Supreme Court and Family Court “that, had the Legislature intended to confer upon” the Civil Court of the City of New York “jurisdiction over such use and possession * * * it would have made its intent in this regard plainly known.” (Rosenstiel v Rosenstiel, supra, 20 AD2d at 73-74.) Inasmuch as the legislative intent to permit such summary proceedings was not made manifestly clear, this Court dismisses the summary proceeding for lack of subject matter jurisdiction.
The particular facts of this proceeding alone demonstrate that Supreme Court and Family Court are the more appropriate forums in which to resolve the parties’ marital/family dispute. Respondent wife locked petitioner husband out of the marital apartment essentially because of her concern that petitioner was being a bad influence on their children by, in the presence of the children, denigrating women and acknowledging his membership in the “Bloods” gang. In locking petitioner out, respondent was also obviously concerned about her safety and the safety of her children, as evinced by her prompt commencement of a family offense proceeding in Family Court and her procurement of a temporary order of protection which bars petitioner from the home. Notably, respondent wife had obtained a prior order of protection in 1998 which similarly barred petitioner husband from the marital home.
The foregoing facts aptly demonstrate that the parties’ dispute is not so much about tenancy rights as it is about the best interests of the parties’ children, the propriety of a marital separation and the safety of respondent. Resolution of these quintessential family issues requires, at the very least, full and careful assessments of the best interests of the children, the interests of the parties and the potential for domestic violence— assessments which cannot and should not be made as part of a summary proceeding in Housing Court, which is not empowered *150 to issue orders of protection.[3] (See CCA 110 [a] [4]; 203 [o]; 209 [b]; see generally North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261, 262 [1st Dept 1998] [Civil Court has “limited injunctive and restraining authority”]; Broome Realty Assocs. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999] [“Except for proceedings for the enforcement of housing standards * * * and applications for certain provisional remedies * * * the New York City Civil Court may not grant injunctive relief’]; Ford v Tower W. Assocs., 120 Misc 2d 240, 241 [App Term, 1st Dept 1983].)
Significantly, the Legislature has provided at least two other remedies to spouses who are illegally locked out of the marital residence by the other spouse.
First, the locked-out spouse may commence a family offense proceeding pursuant to article 8 of the Family Court Act, alleging harassment and/or menacing (or any other family offense specified in Family Court Act § 812 [1]) and seeking an order of protection directing the other spouse to refrain from impeding the ousted spouse’s access to the apartment or from further locking him out of the apartment. (See Family Ct Act §§ 821, 821-a, 828, 842; see also Matter of V.C. v H.C., 257 AD2d 27, 32-34 [1st Dept 1999] [family offense proceeding remanded for a hearing on issue of whether wife, having been forced out of the marital apartment because of allegations of domestic violence, should be restored to possession of the premises].)
Inasmuch as a spousal ouster may often be accompanied by allegations of domestic violence and/or the fear thereof, or at the very least, may be accompanied by allegations of family disruption, the determination of whether to restore the ousted spouse, even if temporarily, is most appropriately made in the context of a family offense proceeding in Family Court, which is equipped to make the' necessary safety-related decisions and empowered to issue orders of protection. Indeed, article 8 of the Family Court Act was adopted and/or amended for the express “purpose of attempting to stop the [domestic] violence, end the family disruption and obtain protection.” (Family Ct Act § 812 [2] [b]; see also Besharov, Practice Commentaries, *151 McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 812, at 171 [“Article 8 establishes a civil proceeding designed to protect family members from domestic violence”].)
The second remedy available to a locked-out spouse is the relief, interim or permanent, afforded by Domestic Relations Law § 234. Entitled “Title to or occupancy and possession of property,” Domestic Relations Law § 234 provides that in any action for divorce or separation, “the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties.”
The foregoing provision authorizes Supreme Court to restore a spouse who has been locked out of marital property by the other spouse (see Purdy v Purdy, 117 AD2d 659, 660-661 [2d Dept 1986]), or to grant temporary exclusive possession to one of the spouses where such possession is necessary to protect that spouse’s safety or the safety of the spouse’s children. (See e.g. Lolli-Ghetti v Lolli-Ghetti, 111 AD2d 4, 5 [1st Dept 1985]; King v King, 109 AD2d 779 [2d Dept 1985]; Chanin v Chanin, 50 AD2d 541 [1st Dept 1975]; see generally Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 234, at 118-119.)
Here, the parties have already expressed their mutual intention of seeking a divorce or separation in Supreme Court and child custody in Family Court, and respondent has already commenced a family offense proceeding in Family Court. These are the forums designated by the Legislature to resolve petitioner husband’s attempt to be restored to the marital apartment since they are the forums “properly fitted and equipped to handle the myriad of problems which may arise out of a family relationship.” (Rosenstiel v Rosenstiel, supra, 20 AD2d at 73.) Inasmuch as petitioner husband pursued his remedy in the wrong forum, the summary proceeding is hereby dismissed for lack of subject matter jurisdiction. (CPLR 3211 [a] [2].)

. The ousted tenant’s other option is to seek treble damages pursuant to RPAPL 853, the State’s forcible entry and detainer statute.

. The Court dismissed the summary proceeding on this ground in a prior order dated July 10, 2001.

. Although Housing Court may have limited injunctive and restraining authority, the multi-jurisdictional Harlem Community Justice Center, when fully implemented, will have jurisdiction over Housing Court matters and Family Court matters, including family offense proceedings. At the Harlem Community Justice Center, a litigant, having been denied an order of protection in Housing Court, may commence a family offense proceeding and obtain an order of protection in the same courthouse and adjudicate the Family Court issues before the same judge.