OPINION OF THE COURT
Scott Fairgrieve, J.
*882 In the instant case, petitioner landlord commenced an action to remove Daria Soto as a holdover tenant. Respondent Daria Soto is the estranged wife of petitioner Gladys Soto’s brother Rene Soto.
The original owner of the subject premises at 851 Kings Parkway, Baldwin, New York 11510, was Mr. Rene Soto (husband of respondent). Mr. Soto is currently in divorce proceedings with the respondent Daria Soto. Mr. Soto purchased the property on November 1, 2001. Mr. Soto and Daria Soto were not married until December 24, 2002. The subject property never included Daria Soto’s name on the title. On August 20, 2003 Mr. Soto transferred the deed to said property to his sister, petitioner Gladys Soto. Divorce proceedings were commenced between Mr. Rene Soto and Daria Soto on April 1, 2004, in New York County Supreme Court.
The verified complaint in the divorce proceeding, dated April 1, 2004, states that there is one child from the marriage; namely, Jayden Rene Soto, born August 1, 2003.
Daria Soto filed a motion to dismiss the petition for the following reasons: (1) lack of subject matter jurisdiction; (2) improper venue; and (3) to stay this proceeding pending the outcome of the divorce between Rene and Daria Soto.
It is well-settled law in New York that property which is acquired before marriage by one spouse is not a product of said marriage, and therefore, doe's not constitute marital property. Moreover, the court has also said that property purchased in anticipation of marriage, even when it is intended to become the marital residence, does not constitute marital property. (See, Nell v Nell, 166 AD2d 154 [1st Dept 1990].)
The petition alleges that respondent occupies the premises “pursuant to a month-to-month rental agreement between Gladys Soto, petitioner-landlord or petitioner-landlord’s predecessor-in-interest.” Respondent’s answer denies the foregoing assertion.
The issue raised is whether petitioner should be allowed to evict respondent when there is a matrimonial action pending in the New York County Supreme Court.
The facts of the case reveal a short-term marriage with one child being born from this relationship. The property was owned by the husband prior to the marriage and may very well constitute separate property that is not subject to any claims of respondent; this issue must be decided in the pending divorce action.
*883 Petitioner claims that respondent has no interest in the property, and should be subject to the eviction.
Rene Soto presents the following in his affidavit dated July 12, 2004, submitted in support of the petitioner’s position that (1) he purchased the property on November 7, 2001 using his own credit and funds prior to the marriage of December 24, 2002; (2) respondent never made a mortgage payment, nor did he promise to put respondent’s name on the deed; (3) the property was deeded to petitioner “because I was concerned that the precarious financial situation that I was experiencing and am still experiencing, would expose my former house to potential future creditor’s claims.”
Petitioner Gladys Soto states in her affidavit, dated July 12, 2004, that the property was transferred to her due to the financial condition of her brother, and because respondent refused to seek employment. She further writes that “5. Rene Soto, on behalf of his wife and himself, agreed that he would continue to try to pay the mortgage as long as he was financially able to do so.”
Respondent, Daria Soto, swears in her affidavit, dated July 7, 2004, that
(a) 851 Kings Parkway, Baldwin, New York, has been the marital residence during her marriage.
(b) “At the time Rene Soto obtained the deed to the property located at 851 Kings Parkway, Baldwin, New York 11510 in 2001, it was my understanding that both of our names were being placed on the deed and the mortgage.”
(c) Denies a month-to-month rental agreement between “myself and Gladys Soto, or anyone regarding this residence.”
It is well established that summary proceedings may not be employed by a husband against a wife to evict her absent an agreement or special circumstances. See Rosenstiel v Rosenstiel (20 AD2d 71, 77 [1st Dept 1963]) holding:
“So, a wife, in her occupation of the marital home, would not ordinarily be considered to be using the same in the status of the ‘licensee’ of her husband. This statute is not applicable to her because she is not, in accordance with the wording thereof, a ‘licensee’ whose ‘license’ has ‘expired’ when she remains in occupation of the premises upon being abandoned by her husband; nor does she hold a ‘license’ which may be ‘revoked’ by a notice served upon her by her husband.”
*884 The case of Billips v Billips (189 Misc 2d 144, 147-148 [Civ Ct, NY County 2001]) confirms the present state of law in New York that no summary proceedings lie between spouses because issues between them must be settled in matrimonial actions:
“It is well settled that, as a general matter, one spouse may not commence a summary proceeding pursuant to RPAPL 713 to evict the other spouse from the marital home, where the marital relationship has not been previously annulled or otherwise modified by a court order or some other special agreement. (Rosenstiel v Rosenstiel, 20 AD2d 71, 73-74 [1st Dept 1963]; see also Sirota v Sirota, 164 Misc 2d 966, 967 [Civ Ct, Kings County 1995] [father may not use summary proceeding under RPAPL 713 to evict adult children, relying on Rosenstiel], revd on other grounds 168 Misc 2d 123 [App Term, 1st Dept 1996]; Minors v Tyler, 137 Misc 2d 505, 506 [Civ Ct, NY County 1987] [applying the Rosenstiel holding to ‘unmarried occupants who reside together as husband and wife’].) . . .
“ ‘The use and possession of the family home is so essentially a part of the jurisdiction and responsibility of [Supreme Court and Family Court] in family matters that, had the Legislature intended to confer upon other courts [i.e., Civil Court of the City of New York] jurisdiction over such use and possession, it is clear that it would have made its intent in this regard plainly known ... In fact, if the husband were so enabled to secure the physical removal of his wife and family from the marital home by means of a summary proceeding prosecuted by him, he could thereby in effect obtain in such courts of limited jurisdiction a separation from his wife without in any way submitting to the jurisdiction of the tribunals having general cognizance of family affairs ... It is inconceivable that the Legislature would enact a law having this effect.’ (Rosenstiel v Rosenstiel, supra, 20 AD2d at 73-74; see also Marshall v Marshall, 116 Misc 249, 251 [Dutchess County Ct 1921] [‘the legislature (n)ever intended that a summary proceeding was the proper place to settle (possession-related) questions between husband and wife’]; Cipperly v Cipperly, 104 Misc 434, 436 [Rensselaer County Ct 1918] [‘If there is to be a separation between (a husband and wife) so that ei *885 ther may compel the other to live apart, the law provides a way of accomplishing it. The way provided is not this (summary) proceeding’].)”
The factual pattern of this case is different from Rosenstiel (supra) and Billips (supra) because the summary proceedings are being maintained by a nonspouse who acquired title before the matrimonial action was commenced.
A case somewhat similar in fact pattern to the case at bar is Matter of Brennecke v Smith (42 Misc 2d 935 [Westchester County Ct 1964]). In Brennecke (supra), the husband William K. Smith and Margaret Smith were married in 1940 and four children were born from the marriage. The couple acquired a house in Pelham. In June of 1952, the husband transferred his interest in the property to his wife. Financial difficulties arose for the wife and the property was threatened with foreclosure. Petitioner Vivian D. Brennecke paid off the mortgage and took an assignment of the mortgage. The wife transferred her interest in the property to petitioner for a total consideration of $5,000 in 1964. Petitioner was aware that respondent husband and the four children occupied the premises at the time of the conveyance and she was a long-term friend of the wife.
The Justice Court, Town of Pelham, dismissed the proceeding because the husband was not a licensee. On appeal the County Court affirmed because (at 939):
“I am of the opinion that the facts in the instant case much more closely parallel those of the Rosenstiel case than any of the other cases cited, and on the reasoning thereof I find that the petitioner has failed to establish by a fair preponderance of the proof that the respondent is a licensee. The final order dismissing the summary proceeding herein is affirmed.”
In the case at bar, petitioner alleges that respondent is a month-to-month tenant and not a licensee. Respondent denies being a month-to-month tenant.
Based upon the fact pattern presented, does this case represent a different scenario from the above cases because the premises may constitute separate property of the husband who had the legal right to transfer ownership and did so allegedly because of financial difficulty?
On the other hand, should the proceedings in this court be stayed pending the resolution of the matrimonial issues between the parties?
*886 This court decides that the proceedings herein should be stayed pending the resolution of the matrimonial action. The facts show that respondent has occupied the property as her marital residence with the minor child. The husband has been paying the mortgage on the property (see affidavit of petitioner). Petitioner knew that respondent lived at the address with the child during the marriage.
The issues raised are better litigated in the Supreme Court, New York County, where this divorce action is pending.
Conclusion
This action is stayed pending resolution of the matrimonial action or further order of the Supreme Court, New York County, allowing this matter to proceed to resolution.