OPINION OF THE COURT
Scott Fairgrieve, J.
By motion dated January 5, 2009, respondent Dawn Fasano, also known as Dawn Fasano Lally, seeks to dismiss the instant proceeding, alleging that she is not a licensee and therefore cannot be evicted in a summary proceeding. Petitioner Lawrence M. Lally opposes the motion and, pursuant to CPLR 3212 (b), requests summary judgment and a judgment of possession.
According to the affidavits of the parties, respondent, a 42-year-old attorney, is petitioner’s daughter-in-law and was married to petitioner’s son in 2001. Soon thereafter, the couple moved into the subject premises located at 345 Harbor Drive, Oyster Bay, New York. The premises are described as a “beach cottage” located on a parcel of land solely owned by petitioner, whose own residence is on the same parcel of land. Respondent and her husband resided together at the subject premises with the permission of petitioner until March 2007, when respondent’s husband moved out. Respondent’s husband then filed a divorce proceeding, which is currently pending in Suffolk County Supreme Court. Petitioner has served respondent with a 10-day notice to quit pursuant to RPAPL 713 and commenced the instant summary proceeding to evict the respondent from the subject premises, contending that respondent is a licensee.
Pursuant to RPAPL 713 (7), “[a] special proceeding may be maintained” where respondent “is a licensee of the person entitled to possession of the property at the time of the license, and . . . his license has been revoked by the licensor.” Petitioner contends that respondent daughter-in-law was a licensee and that her permission to reside at the subject premises was revoked when he served the 10-day notice to quit. Respondent, however, claims she is entitled to possession because, as a family member of the property owner by virtue of her marriage to petitioner’s son, she is not a licensee.
There is case law to suggest that “occupancy due to familial relationship does not constitute a licensee agreement as contemplated by RPAPL § 713 (7)” (Griffith v Reid, NYLJ, Dec. 11, 2008, at 27, cols 1, 2 [Civ Ct, Kings County]). Respondent *940 attempts to construe this language to mean that any kind of familial relationship does not constitute a licensee agreement. Although the courts have recognized “various forms of family relationships ranging from spousal, parent and child, and even nonmarried couples,” (Williams v Williams, 13 Misc 3d 395, 399 [Civ Ct, NY County 2006]), the courts have never made a blanket assertion that all family members will be exempt from licensee status. Courts must evaluate each individual familial relationship on a case-by-case basis to determine whether a licensor-licensee relationship exists. An extensive review of the case law reveals that the application of licensee status to this specific family relationship, in which a father-in-law attempts to treat his daughter-in-law as a licensee, is a case of first impression in New York.
It is well settled that a spouse does not qualify as a licensee (Rosenstiel v Rosenstiel, 20 AD2d 71 [1st Dept 1963]). In Rosenstiel, the petitioner husband and respondent wife lived together in the matrimonial domicile until the petitioner moved out due to marital problems. While a divorce action was pending, the respondent remained in possession and petitioner attempted to evict her as a licensee. The Appellate Division held that the respondent wife did not qualify as a licensee and therefore could not be evicted in a summary proceeding. The holding was based upon the premise that respondent wife’s possession of the subject premises was not by virtue of her husband’s “permission,” but rather “because of special rights incidental to the marriage contract and relationship” (id. at 76). So long as the marriage relationship remains intact, a spouse has “the obligation by virtue thereof to support and maintain” his or her spouse (id. at 77).
Relying on the holding in Rosenstiel, a number of other familial relationships have been deemed impervious to eviction by summary proceeding (see Griffith, NYLJ, Dec. 11, 2008, at 27, col 1 [a boyfriend could not evict his former girlfriend, who was the mother of his child, in a summary proceeding based on the premise that the girlfriend was a mere licensee]; Williams, 13 Misc 3d 395 [2006] [a grandmother could not evict her grandchildren in a summary proceeding on the basis that they were licensees]; Sirota v Sirota, 164 Misc 2d 966 [Civ Ct, Kings County 1995] [a father could not evict his adult children as licensees]; Minors v Tyler, 137 Misc 2d 505 [Civ Ct, Bronx County 1987] [a boyfriend could not evict his former girlfriend as a licensee]; Nagle v Di Paola, 134 Misc 2d 753 [Nassau Dist *941 Ct 1987] [a stepfather could not evict his teenage stepchildren as licensees]).
However, courts have not been in agreement on how to handle the treatment of these various familial relationships (see Minors, 137 Misc 2d 505 [1987] [a live-in girlfriend was not a licensee]; cf. Valentino v Reyes, NYLJ, Mar. 16, 2006 at 18, col 3 [Civ Ct, Bronx County] [a live-in girlfriend was a licensee, distinguishing itself from Minors because possession was not based on constructive trust]; see also Griffith, NYLJ, Dec. 11, 2008, at 27, col 1 [a boyfriend could not evict his former girlfriend, who was the mother of his child, as a licensee]; cf. Blake v Stradford, 188 Misc 2d 347 [Nassau Dist Ct 2001] [a boyfriend could evict his former girlfriend, who was the mother of his children, as a licensee]).
Despite the varying familial relationships in the above-referenced matters, each and every case wherein no licensee relationship was found was decided on the same reasoning. The primary basis for finding that a family member was exempt from licensee status was that the family member lived together with the property owner in the matrimonial domicile. In interpreting the definition of a “family,” courts have traditionally considered whether the parties lived together “in a family unit” with “some indicia of permanence or continuity” (Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989] [emphasis omitted]). Whether the parties resided together has often been the “critical factor” in determining whether they are to be considered a “family” for legal purposes (see Sirota, 164 Misc 2d at 967). Another consideration in the majority of the above-cited cases was whether there was a duty of the property owner to support the alleged licensees. Encompassed in the duty to support is the parties’ social and financial dependence. It is well established that
“the term family . . . should not be rigidly restricted to those people who have formalized their relationship by obtaining, for instance, a marriage certificate . . . The intended protection against sudden eviction should not rest on fictitious legal distinctions or genetic history, but instead should find its foundation in the reality of family life” (Braschi, 74 NY2d at 211).
As the relationship between a father-in-law and daughter-in-law would not ordinarily be recognized as part of the traditional nuclear family, this court acknowledges that it would be necessary *942 to evaluate the relationship in the context of the “reality of family life.” However, this analysis is only applicable when the parties involved purport to be a family by reason of their shared residence and mutual dependence.
In the instant case, it is uncontroverted that petitioner and respondent never lived together in the subject premises as a family. The fact that the subject premises are located on the same parcel of land as petitioner’s own house is of no consequence. In every scenario wherein a family member was not recognized as a licensee, that family member lived together with the property owner under one roof, as a co-occupant of the same household. Furthermore, respondent is not financially or socially dependent upon the petitioner. Petitioner has no legal duty to support his own son past the age of majority; it therefore follows that he has no legal duty to support his daughter-in-law, who is a grown woman and an attorney. Accordingly, this court finds that respondent is a licensee and, as such, respondent’s motion to dismiss is denied.
What remains is whether respondent may be evicted in a summary proceeding. Though eviction of licensees is within this court’s jurisdiction, courts have held that “where a matrimonial action is pending between a husband and wife, then ... occupancy and possession of the marital home should be determined by proper proceedings in such action” (Rosenstiel, 20 AD2d at 77). This court applied similar reasoning in Soto v Soto (4 Misc 3d 881 [Nassau Dist Ct 2004]), wherein the husband of the respondent once owned the subject property. Due to financial difficulties in paying the mortgage, he transferred it to his sister, the petitioner. The respondent and her husband then entered into divorce proceedings. Thereafter, the petitioner attempted to evict respondent, her sister-in-law, from the marital home as a mere licensee. This court held that the question was better litigated in Supreme Court pending the outcome of the divorce proceedings.
The instant proceeding may be distinguished from Soto in that here there is no question of whether the property was marital property or separate property. In Soto, title to the property had at one time been in the hands of a party to the marriage, therefore there was some debate over ownership that was better left to a court with jurisdiction over the marriage. Here, title to the property was never in the hands of a party to the divorce action. The subject premises is solely owned by petitioner and never belonged to respondent’s husband. As the property could *943 never become the subject of a dispute during the division of the marital assets following dissolution of the marriage, there is no reason to leave the decision regarding who has a superior property interest to the discretion of the Suffolk County Supreme Court.
Pursuant to CPLR 3212 (b), “If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.” Here, it has been established that respondent is a licensee and it is uncontroverted that petitioner served respondent with a valid 10-day notice to quit. There are no questions of fact remaining that would necessitate the case going forward to trial. Therefore, petitioner is granted summary judgment and is awarded a judgment of possession with warrant of eviction stayed until March 31, 2009.