OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent’s motion to dismiss the petition is denied.
Wayne Rodriguez (hereinafter petitioner) and Diane Greco (hereinafter respondent) were married on September 26, 1996, and were living together, with their children, in the marital residence located at 245 Hallman Avenue, Oceanside, New York 11572. A divorce proceeding was brought eight years later in 2004, and the divorce was finalized by a judgment of divorce rendered in the Nassau County Supreme Court on September 8, 2008. The judgment of divorce regarded the marital domicile as a “separate property of [the husband].” Furthermore, it was adjudged that the wife must “remove from the former marital residence no later than 3 months following the entry of final judgment.” If the wife was unable to obtain suitable housing in the area, the judgment of divorce provided that respondent may “move for a reasonable extension of this deadline upon showing a bona fide diligent effort.” However, before the divorce was finalized, petitioner claims that respondent entered into possession of the marital residence by way of an oral license made on October 31, 2007, which expired on March 30, 2009. Thus, accordingly, on March 19, 2009, a 10-day notice to quit was served *1014 upon the respondent, requiring her to vacate from the subject premises by March 30, 2009. The respondent, however, has failed to surrender possession of the marital residence.
By motion dated July 12, 2009, the respondent, and now former wife of petitioner, seeks to dismiss the instant holdover proceeding instituted by her ex-husband. The respondent asserts three affirmative defenses in which she denies that an oral license agreement was entered into on October 31, 2007 and alleges that she is not a licensee, but a tenant, and thus, cannot be evicted in a summary proceeding. Additionally, respondent claims that she is entitled to a 30-day notice to quit, as opposed to a 10-day notice to quit. According to the affidavit submitted by the respondent, the respondent claims that the petition is defective in several respects:
(1) The petitioner failed to serve respondent with a 30-day notice to vacate making the petition materially defective.
(2) The petitioner alleged that respondent is a tenant, but served only a 10-day notice to quit.
(3) In the alternative, the proper forum to decide all issues of possession is the Nassau County Supreme Court.
After an extensive review of all corresponding documents associated with this matter, the court concludes that respondent’s motion to dismiss is denied on the grounds that (1) this court has proper jurisdiction to adjudicate the issues presented, (2) the respondent is deemed to be a licensee in accordance with RPAPL 713 (7), and lastly, (3) a 10-day notice to quit is sufficient to dispossess the respondent due to her status as a licensee.
First, contrary to the respondent’s contentions, this court is the proper forum to decide issues regarding the possession of the premises in question. Although this court has jurisdiction over evictions of licensees, pursuant to Domestic Relations Law §§ 234 and 236, “where a matrimonial action is pending between a husband and wife, . . . the matter of the occupancy and possession of the marital home should be determined by proper proceedings in [the] action.” (Rosenstiel v Rosenstiel, 20 AD2d 71, 77 [1st Dept 1963].)
However, the instant proceeding may be distinguished from such principle due to the fact that the marital domicile is indisputably the petitioner’s property and is not considered to be a marital property. This fact is illustrated in the Nassau County Supreme Court’s judgment of divorce, where it is stated *1015 that the marital residence is the “separate property of the [husband].” This indicates that the marital residence could not become the subject of dispute after the dissolution of marriage. Thus, as stated in Lally v Fasano (23 Misc 3d 938 [Nassau Dist Ct 2009]), there is no reason to leave the decision regarding who has a superior property interest to the discretion of another court, which in this case, is the Supreme Court of Nassau County. The marriage between petitioner and respondent has been dissolved, and the issues stemming from the possession of the marital home are separate from the prior divorce proceedings. Furthermore, there is no evidence that respondent has availed herself of the option of extending the deadline set forth by the Supreme Court. Although the Supreme Court of Nassau County is appropriate to determine ownership of the marital domicile, the District Court has jurisdiction to determine possession. Hence, this court holds that the District Court of Nassau County is the appropriate forum to resolve the issues presented.
Second, the respondent’s assertion that she is a tenant, and not a licensee, is without merit. “The relationship of landlord and tenant is always created by contract, express or implied, by the terms of which one party . . . enters into possession of the land of another party.” (1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 1:1, at 3 [4th ed].) A tenant is described as “[o]ne who holds land by any kind of title, whether for years, for life, or in fee,” and who is “subject to the rendering or payment of rent or service [to] landlord.” (Id. at 4.)
In Daniel Finkelstein and Lucas A. Ferrara, Landlord and Tenant Practice in New York § 2:19 (West’s NY Prac Series, vol F, 2009), the following appears:
“§ 2:19. Defining the relationship — ‘Tenant,’ defined “A ‘tenant’ has been defined as ‘one who holds or possesses lands or tenements by any kind of right or title, whether in fee, for life, for years, at will, or otherwise.’ In a more restricted sense, a tenant is one who has, by express or implied consent, been afforded the exclusive use and occupation of another’s space or property with the duration and terms of this occupancy usually fixed by an instrument called a ‘lease.’ ”
Although this court is mindful that the respondent is referred to as a “tenant” in the petition, an examination of the rest of the court documents shows that respondent is treated as a li *1016 censee. Furthermore, respondent has not proved that she had an agreement with the petitioner to remain on the premises as a tenant. No evidence has been presented to suggest that there was an agreement or an express or implied lease between the disputing parties. Thus, respondent’s contentions cannot be verified.
Alternatively, since no landlord-tenant relationship exists between the parties, the respondent is appropriately classified as a licensee pursuant to RPAPL 713 (7). “New York’s definition of ‘licensee’ is not codified by statute and is instead left to the common law.” (Suissa v Baron, 24 Misc 3d 1236[A], 2009 NY Slip Op 51766DJ], *3 [Suffolk Dist Ct 2009].) As generally understood, “a licensee is one who enters upon or occupies lands by permission ... of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property” (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1963]). A familial exception to the common-law definition of “licensee” has also derived from Rosenstiel and Drost v Hookey (25 Misc 3d 210, 214 [Suffolk Dist Ct 2009]), wherein the court held that a husband cannot, by means of a summary proceeding, “evict his wife from the marital home, as long as the marriage relationship is unabridged by a court of competent jurisdiction or by valid agreement.”
It is a well-settled principle that a spouse cannot qualify as a licensee and be evicted via a summary proceeding. In Rosenstiel, plaintiff instituted a summary proceeding to evict his alleged wife from the marital home. The Appellate Division reversed the lower court’s decision, and held that the statute authorizing a special proceeding to remove a licensee from property cannot apply to the defendant wife whose rights have not been annulled or modified by decree or agreement. (Rosenstiel, supra; see also Soto v Soto, 4 Misc 3d 881 [Nassau Dist Ct 2004] [holding that the action commenced by the petitioner to remove her brother’s estranged wife from the subject premises was stayed pending the resolution of the matrimonial action]; Marshall v Marshall, 116 Misc 249, 251 [Dutchess County Ct 1921] [“(T)he Legislature (n)ever intended that a summary proceeding was the proper place to settle (possession-related) questions between husband and wife”].)
Conversely, courts have not exemplified such congruence in regard to other sensitive familial relationships other than the spouse. For instance, in regard to cohabitating couples, the courts have had diverging opinions about the legal status of a *1017 live-in girlfriend. In DeJesus v Rodriguez (196 Misc 2d 881 [2003]), the court held that the girlfriend was not just a licensee, but also a family member; thus, the relationship was impervious to summary proceedings. However, in a similar summary proceeding, the District Court in Drost v Hookey (supra) concluded that the respondent girlfriend was, in fact, a licensee and subject to summary proceedings. It is evident that courts have not been in consistent agreement on how to handle summary proceedings initiated by petitioners holding personal relationships with those subject to the suit. A reason for this may be due to the fact that no two familial relationships are identical: they differ in form, operation, and dynamic. Therefore, implementing a case-by-case analysis is helpful to determine the proper outcome.
The instant case seems to present an issue of first impression in the State of New York. This court’s research has not uncovered a case where an ex-husband seeks to evict an ex-wife and two minor issue after an expiration of an alleged oral license and after a divorce decree has been rendered. In the instant case, the respondent ex-wife of the petitioner has continued to live in the marital home after an alleged oral license has expired, and well after the time granted by the Supreme Court. Respondent is allowed, under the terms of the divorce decree, to seek a further stay of her eviction, but has failed to prove that she took any steps allowed under the decree to extend her occupancy.
The law is clear that a spouse cannot be considered a “licensee,” and, thus cannot be subjected to summary proceedings under RPAPL 713 (7). (Rosenstiel, supra.) However, the case at bar must be distinguished from this established principle because here the respondent is no longer the wife of the petitioner. The dissolution of their marriage was finalized prior to petitioner’s summary proceeding that is before this court. The legal marital relationship has ceased to be recognized by the State; therefore, respondent is not entitled to remain on the separate property of the petitioner. Additionally, there are also other instances in which the respondent was ordered to vacate the petitioner’s premises in the absence of a landlord-tenant relationship. (See Blake v Stradford, 188 Misc 2d 347 [Nassau Dist Ct 2001] [warrant of eviction issued against petitioner’s domestic partner because deemed to be a “licensee”]; Lally v Fasano, 23 Misc 3d 938 [2009] [holding that daughter-in-law was a “licensee” on father-in-law’s property and was subject to summary eviction proceeding].)
*1018 Finally, RPAPL 713 (7) states that “[a] special proceeding may be maintained . . . after a ten-day notice to quit has been served upon respondent” where respondent is “a licensee of the person entitled to possession of the property at the time of the license, and . . . his license has expired.” As stated, the court rejects respondent’s claim as being a tenant, and is therefore subject to eviction based on the summary proceeding instituted by petitioner.
In view of the foregoing conclusions, a judgment of possession is granted in favor of the petitioner and against the respondent. However, the warrant of eviction is stayed until December 31, 2009.