OPINION OF THE COURT
Per Curiam.
Final judgment dated July 3, 1990 (Kramer, J.) reversed, *580 with $30 costs, and final judgment of possession awarded in favor of respondent Larry Rhodes.
In this holdover proceeding, landlord seeks eviction of respondent Deborah Griffin (the departed rent-stabilized tenant) and appellant, Larry Rhodes. Rhodes lived together with Griffin, beginning in late 1982/early 1983. Griffin permanently vacated the premises in September 1988, prior to the January 1989 expiration of her last renewal lease. Griffin herself had been a rent-stabilized tenant of the apartment since 1979.
Landlord commenced this holdover proceeding against respondents in May 1990. Upon trial of the instant proceeding in which only Rhodes appeared (pro se), landlord was awarded a final judgment of possession against respondents. The trial court found, inter alla, that Rhodes was not entitled to leasehold succession rights under the broadened definition of "family” set forth in Braschi v Stahl Assocs. Co. (74 NY2d 201, 212-213, now codified under Rent Stabilization Code [9 NYCRR] § 2520.6 [o] [2]; § 2523.5 [b] [1]; see generally, Rent Stabilization Assn. v Higgins, 164 AD2d 283). We reverse and award Rhodes possession of the premises.
Contrary to the determination of the court below, Rhodes was entitled to protection from eviction following tenant’s (Griffin’s) permanent vacating of the premises. In our view, Rhodes was not a mere roommate of Griffin. Rather, the evidence established that Rhodes’ relationship with Griffin was characterized by the requisite "emotional and financial commitment and interdependence” connoting a family relationship (Braschi v Stahl Assocs. Co., supra, at 211; Rent Stabilization Code § 2520.6 [o] [2]) and that Rhodes resided in the apartment with the tenant as a primary residence for at least two years immediately prior to tenant’s departure (Rent Stabilization Code § 2523.5 [b] [1]), entitling Rhodes to continue in possession as successor tenant.
Among the factors to be considered, evidence was adduced that Rhodes resided in the apartment with Griffin for approximately six years, that respondents shared rent expenses and that respondents held themselves out as family members through their words or actions (see, Rent Stabilization Code § 2520.6 [o] [2] [i], [ii], [vi]). In addition, during their relationship, while Rhodes resided in the apartment with Griffin, a child was born to respondents in December 1987. Respondents and their infant son lived as a family unit at the premises until September 1988, "evidencing] the intention of creating a *581 long-term, emotionally committed relationship” (Rent Stabilization Code § 2520.6 [o] [2] [viii]).
Finally, the circumstance that the stabilized tenant of record (Griffin) was apparently married to (but not living with) another, does not necessarily disqualify Rhodes from eviction protection based upon the totality of Rhodes’ own long-term relationship with Griffin (see generally, Estate of Smith v Attwood, NYLJ, May 18, 1990, at 21, col 6 [App Term, 1st Dept]).
Riccobono, J. P., Miller and McCooe, JJ., concur.