OPINION OF THE COURT
Ronni D. Birnbaum, J.
Petitioner brings this licensee holdover proceeding to recover *882 possession of 126 Lynhurst Avenue, Staten Island, New York, on the grounds that respondent’s license to occupy the premises has expired or has been revoked by the owner and that the continued occupancy by respondent is without the permission of the owner. The issue to be decided is whether respondent who moved into the subject premises with the petitioner and lived together with their two children is a licensee. Based on the credible testimony and evidence adduced at trial, where both sides were represented by counsel, the court makes the following findings of fact and conclusions of law.
Petitioner moved into this one-family house with Alexandra Rodriguez and their two minor children when the premises were purchased in November 2002. Petitioner is the biological father of the two minor children, ages eight and five, and the former boyfriend of respondent. Only petitioner’s name appears on the deed as the holder of title. Respondent contends that the only reason her name does not appear on the title is due to her poor credit history. Petitioner and respondent resided together for 10 years and according to the respondent saved together for the purchase of this home. She asserts that she contributed half of the down payment to purchase the premises. During the time the parties lived together respondent claims she contributed to the mortgage payments and paid part of the household expenses. This arrangement continued until the parties had a violent dispute January 7, 2003. Petitioner moved out shortly thereafter. A petition for a family offense proceeding under article 8 of the Family Court Act (Index No. 328/03), sworn to on January 27, 2003, was filed by Alexandra Rodriguez against Roberto DeJesus. On February 6, 2003 the court issued a temporary order of protection. Mr. DeJesus was ordered to stay away from the home and business of Alexandra Rodriguez. On March 6, 2003 the order of protection was extended until May 5, 2003. On March 25, 2003 petitioner served a 10-day notice to quit upon respondent asserting that she was a licensee and that her license to occupy the premises was being terminated. Respondent failed to vacate and thereafter on April 17, 2003 petitioner served respondent with a notice of petition and petition. On May 5, 2003 a final order of protection was issued against Roberto DeJesus to refrain from committing any criminal offense and to stay away from Alexandra Rodriguez. This order is to remain in effect until May 4, 2004. Notwithstanding the stay away provisions of the order, Mr. DeJesus is authorized to have limited contact, pursuant to the order, to effectuate visitation with his *883 children. The children continue to reside at the premises with their mother, Alexandra Rodriguez. There is a child support proceeding currently pending in Family Court.
Respondent asserts that she is not a licensee, having simultaneously moved in with the petitioner and contributed to the purchase price of the home and payment of household expenses. A licensee is one who enters upon or occupies lands by permission, express or implied, of the owner or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property and who becomes a trespasser thereon upon revocation of the permission or privilege. (Greenwood Lake & Port Jervis R.R. Co. v New York & Greenwood Lake R.R. Co., 134 NY 435 [1892]; Loren v Marry, 195 AD2d 776 [1993].) The law is clear that if the parties were married, the husband would not be able to bring a summary proceeding to evict the wife until other existing obligations were addressed by a court and the marriage terminated. (Rosenstiel v Rosenstiel, 20 AD2d 71 [1963]; see also Billips v Billips, 189 Misc 2d 144 [Civ Ct 2001].) Occupancy of the marital home by the wife does not stem from the “permission” of the husband or under a “personal” or “revocable privilege” extended by him. (Rosenstiel, supra at 76-77.) A wife in occupancy of the marital home is not considered to be a licensee.
Changing social customs have increased the number of unmarried persons living together. Petitioner argues that this court should follow the ruling in Blake v Stradford (188 Misc 2d 347 [Nassau Dist Ct 2001]). Easton Blake and Kim Stradford moved into a private home together in 1994. The parties were not married and respondent’s name did not appear on the deed. Respondent gave birth to petitioner’s first child in 1997 and their second child in 1999. Sometime after the birth of their second child the relationship deteriorated. Petitioner commenced a holdover proceeding to evict the respondent and their children from the subject premises. The court held that Ms. Stradford, as a domestic partner, would be considered a licensee and could be evicted. In reaching that conclusion the court relied on Morone v Morone (50 NY2d 481 [1980]), a “palimony” action whereby the plaintiff sought to be compensated for her domestic services. Morone was strictly an action seeking monetary relief. The court in Blake relied on Morone for the proposition that “cohabitation without marriage does not give rise to the property and financial rights which *884 normally attend the marital relation * * *.”* (Blake at 352, citing Morone at 486.) However, this does not mean that a domestic partner is devoid of rights.
“The ‘nuclear family’ arrangement is no longer the only model of family life in America. The realities of present urban life allow many nontraditional families * * (Mattter of Adult Anonymous II, 88 AD2d 30, 35 [1982].) The law has evolved over the years to recognize these social realities and to afford parties living together the appropriate protections. Whether that be by amending article 8 of the Family Court Act to include in the definition of “family” parties living together with a child in common (Family Ct Act § 812), allowing unmarried partners to have succession rights under the protections of rent stabilization (Braschi v Stahl, 74 NY2d 201 [1989]) or even the survivor of an adulterous relationship being permitted to assert succession rights (Fernbach LLC v Cash, 2003 NY Slip Op 50655[U] [App Term, 1st Dept]). In Braschi, a Court of Appeals case decided subsequently to Morone, the Court recognized these social realities of modern life within the context of housing. The Court held that “the term family * * * should not be rigidly restricted to those people who have formalized their relationship by obtaining, for instance, a marriage certificate or an adoption order. The intended protection against sudden eviction should not rest on fictitious legal distinctions or genetic history, but instead should find its foundation in the reality of family life.” (Braschi v Stahl, supra at 211.)
The courts have adopted and followed that reasoning in determining whether a person is a licensee in holdover proceedings under RPAPL 713. In Sestayo v Santiago (NYLJ, May 18, 1994, at 25, col 1 [Civ Ct, Kings County]), petitioner and respondent lived together for 16 years in a two-family house with their son holding themselves out as a family although never marrying. Title was held in the name of the petitioner who brought a licensee proceeding to remove respondent. Prior to petitioner being the sole titleholder, respondent was also an owner of the premises with petitioner. The court held that respondent was at the very least a cooccupant but not a licensee. Respondent had not entered into possession of the premises *885 pursuant to a licensee agreement and the court dismissed the proceeding, In Minors v Tyler (137 Misc 2d 505 [Civ Ct 1987]), the unmarried parties lived together for several years. There were no children as a result of their relationship. When petitioner brought a licensee proceeding to evict the respondent the court found that respondent was not a licensee and dismissed the proceeding. Modern life requires the courts to recognize that unmarried couples acquire rights similar to married occupants as it affects continued occupancy of the home they have shared. (Minors v Tyler, 137 Misc 2d 505 [Civ Ct 1987].)
There can be no dispute that the parties lived together as a family. This is consistent with the court’s findings in Lepar Realty v Griffin (151 Misc 2d 579 [App Term, 1st Dept 1991]). In Lepar, the court determined that a family unit was created when the parties cohabitated for several years, shared rental expenses, held themselves out as family members and had a child together. This is consistent with the prerequisites addressed in Braschi of “emotional and financial commitment and interdependence” of the parties’ relationship. It is clear that the close personal relationship between Ms. Rodriguez and Mr. DeJesus for over 10 years and the resulting issue constitutes a “family.” (See Sestayo v Santiago, supra.) Respondent’s occupancy arose out of the parties living as a family unit. These living arrangements did not begin when they moved into the subject premises but was a continuation of their household from Brooklyn. Except for the fact that they were not legally married, the parties’ living arrangements were the same as that of a married couple. While respondent does not have the legal status of a wife, there is no question that she is more than a licensee.
A father has the obligation to provide support to his children. (Family Ct Act §§ 413, 513.) Inherent to child support is the obligation to provide shelter. (Lenigan v Lenigan, 159 AD2d 108 [1990].) Children born out of wedlock have a constitutional right to support equal to that of children born within a marriage. (Jimenez v Weinberger, 417 US 628 [1974]; Family Ct Act art 5.) Prior to petitioner commencing this proceeding, respondent began a child support proceeding in Family Court which is pending. Petitioner should not be permitted to circumvent or ignore this obligation by evicting his children in this proceeding. The law does not exist in a vacuum. The *886 parties’ legal responsibilities should be handled before one court whereby all pertinent aspects of their obligations of support may be addressed.
Accordingly, the petition is dismissed.

 Both parties concede that this court has no jurisdiction to determine whether respondent has any ownership rights to the property in the form of a constructive trust. That issue needs to be determined by the Supreme Court. (See O’Frias v Melton, 32 AD2d 1046 [1969].)