OPINION OF THE COURT
Murray Pudalov, J.
Petitioner commenced this summary holdover proceeding for a judgment of eviction against his two minor stepchildren. After a hearing was held on December 10, 1986, the court reserved its decision. The issue presented to this court in this summary proceeding is whether petitioner/stepfather may maintain a summary proceeding to dispossess his stepchildren, his wife’s two minor children, who reside with petitioner and his wife in the marital home.
*754 FINDINGS OF FACT
The petitioner, Nagle, resides at the subject premises with his wife, Elizabeth Nagle, and her two children from a previous marriage (the respondents), a boy and a girl, ages 17 and 15, respectively. (The respondents’ mother appeared for them as their guardian.) Petitioner has owned these premises since September 1980. Since the time of the Nagle’s marriage in 1984, all of the parties have lived together at the subject premises, the marital home.
The petitioner seeks to dispossess the wife’s children on grounds that they are licensees. The petition recites: "The above listed Respondents moved into the premises when their mother married the Petitioner in 1984. Said entry was with the permission/consent/license of Petitioner, which permission/consent/license has been revoked by Petitioner, both orally and by a 10-day notice served personally on all the Respondents on October 2nd, 1986. The Respondent infants continue to remain at the premises in disregard of the notice and the aforesaid revocation. A true copy of this notice is annexed hereto. This proceeding is brought pursuant to R.P.A. & P. Law section 713 (7).”
The petitioner testified that in October 1986 he asked the children to leave and served them with a 10-day notice to quit. Said service is not challenged. Both respondents are full-time students and have part-time jobs. The petitioner’s wife is employed, has physical custody of the respondents, and receives child support payments from the children’s father. No matrimonial action is pending between petitioner and his wife. Nor is there any outstanding court order or agreement between petitioner and his wife regarding support obligations or occupancy rights to the marital home.
CONCLUSIONS OF LAW
This eviction proceeding was commenced pursuant to RPAPL 713 (7). The petitioner contends that respondents are licensees and may be dispossessed as such under this subdivision.
The jurisdiction of this court to determine the rights to possession of real property is limited to special proceedings commenced under RPAPL article 7. (See, UDCA 204; RPAPL 701.) It is alleged that the respondents possess the subject premises, the marital home, as licensees and may as such be dispossessed in a summary proceeding. Research reveals no *755 case in which a stepparent commenced a summary proceeding to evict stepchildren residing with their mother and petitioner.
It has been held, however, that summary proceedings are not maintainable to evict a spouse of a petitioner where the attendant rights as such have not been annulled or modified by court order or agreement. (Rosenstiel v Rosenstiel, 20 AD2d 71.) In Rosenstiel v Rosenstiel (supra) the Appellate Division, First Department, in the often cited opinion, held that the wife of a petitioner did not possess the marital home by virtue of a license but solely on the basis of the existence of their marriage relationship (20 AD2d, at 76). The court reasoned as follows: "The occupation of a marital home by the wife as such is not, however, a possession existing by virtue of the 'permission’ of her husband or under a 'personal’ and 'revocable privilege’ extended by him. On the contrary her possession of the premises exists because of special rights incidental to the marriage contract and relationship. As long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband has the obligation by virtue thereof to support and maintain his wife * * * The maintenance of a home or housing for the wife is a basic and necessary element of such support.” (20 AD2d, at 76-77; emphasis added.)
Since the Rosenstiel decision (supra) the law recognizes that both spouses have an obligation to support each other (Family Ct Act § 412) and their children. (See generally, Family Ct Act art 4; §412; Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 412, at 33.)
Consonant with the court’s reasoning in Rosenstiel (supra) this court finds that the possessory rights of the petitioner’s stepchildren do not arise from nor do they continue by virtue of a license or agreement. The respondents’ rights to possess the subject premises, the marital home, exist because of the marital relationship between their mother and the petitioner.
The obligations of parents and stepparents to support their children is governed by Family Court Act article 4 and Domestic Relations Law article 3-A. Where a matrimonial action is pending, Domestic Relations Law article 13 also comes into play. The jurisdiction to determine the rights and obligations between family members under these laws has been conferred upon the Family Court and Supreme Court. This court does not possess such authority.
*756 From the testimony at trial the court can only surmise that the genesis of this summary proceeding is the matrimonial discord between petitioner and his wife.
The petitioner, by way of a summary proceeding, seeks to adjudicate the rights of respondent children to occupy the marital home. Petitioner may not obviate the necessity of submitting to the jurisdiction of the proper tribunals to determine the respective rights of his family to occupy the marital home by means of a summary proceeding in this court.
The petitioner’s reliance on Halaby v Halaby (44 AD2d. 495) is misplaced. The court in that case expressly distinguished a special proceeding to evict, where a prior order of a court with competent jurisdiction had determined the support rights and obligations of the parties, from a case in which no court had made such prior determination. (44 AD2d, at 499.)
Since the rights of the respondents and the obligations of the petitioner have not been annulled, modified or determined by court order or agreement, this court does not have jurisdiction to disrupt or interfere with the possession of the family home.
Accordingly, the petition is dismissed.