OPINION OF THE COURT
Reynold Mason, J.
This is a summary proceeding instituted by service upon the respondent of a 30-day termination notice with the object of ousting petitioner’s two adult children from the premises. The respondents, in their answer, deny the existence of any lease, oral or written, and allege, inter alia, an affirmative defense of fraud and a counterclaim for damages in the sum of $100,000.
It appears from the facts that respondents Jonathan and *967 Jacqueline Sirota are the son and daughter of the petitioner; they have resided in the premises for 27 and 31 years, respectively. The petitioner, as is often the case when marital disharmony befalls the family, moved out of the home; there he left his wife and these respondents, who remained in the home with their mother until her death. A divorce action, which was pending when the petitioner’s wife died, had not been resolved.
The respondents now move for dismissal of this proceeding asserting that, as family members of the petitioner, they are invulnerable to eviction by summary proceeding. Petitioner cross moves for an order striking the affirmative defenses. For the purpose of disposition of the motion to strike the defenses and counterclaims, the allegations of the respondents must be accepted as true. (Matter of Grimm v City of Buffalo, 8 AD2d 689; Matter of 109 Beach 29th St. Corp. v Archer, 188 Misc 769.)
This court’s research has not uncovered any authority directly confronting the issue at hand. However, the eviction by summary proceeding of another member of the nuclear family —the wife — has long been settled. (Rosenstiel v Rosenstiel, 20 AD2d 71 [1st Dept].)
In Rosenstiel (supra), the Court held that summary proceeding was not authorized to oust the wife from possession. The Court reasoned that "lawfully in possession to begin with as the wife of the [petitioner] she continued in possession * * * not by virtue of any license or special arrangement * * * but solely on the basis of the existence of their marital relationship.” (Supra, at 73.)
Clearly, one critical factor in Rosenstiel (supra) was the use of the premises as the matrimonial domicile. "The occupation of the marital home by the wife” said the Court, "as such is not, however, a possession existing by virtue of the 'permission’ of [the] husband or under a 'personal’ and 'revocable privilege’ extended by him. On the contrary, her possession of the premises exists because of special rights incidential to the marriage contract and relationship. As long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband has an obligation by virtue thereof to support his wife.” (Supra, at 76-77.)
Subsequent decisions have extended the reach of the Rosenstiel holding to embrace stepchildren and unmarried cohabitants, likewise immunizing those classes of occupants from *968 removal by summary proceeding. (See, Nagle v Di Paola, 134 Misc 2d 753 [court extended Rosenstiel holding to include stepchildren]; Minors v Tyler, 137 Misc 2d 505 [court extended Rosenstiel holding to include unmarried cohabitants].)
Neither Rosenstiel (supra) nor its progeny is determinative of the issue raised here. However, these decisions imply that there is a privilege for use of the marital residence conferred upon spouses and stepchildren which prohibits their removal by summary proceeding.
This court finds that the premises in this case have been used as the family residence; in it respondents, now adults, have lived with petitioner, their father, and his wife, their mother, for nearly 30 years, making it their home. They continued to reside there in his absence, and there cared for their mother until her death. Under such circumstances, the petitioner could not, merely by walking out, constitute them tenants whom he may oust by summary proceeding. The remedy provided by RPAPL article 7 is limited to instances of landlord-tenant relationship.
The respondent’s counterclaim of fraud as well as the petitioner’s action to oust them from possession are issues within the jurisdiction of the Supreme Court which, having general jurisdiction, may resolve in one fell swoop all the issues herein raised. This court, therefore, directs that this proceeding be transferred to the Supreme Court, Kings County.
The petitioner’s cross motion to strike the defenses and counterclaim is denied without prejudice and leave is granted to renew same in the Supreme Court.