OPINION OF THE COURT
Scott Fairgrieve, J.
This case appears to be a case of first impression, created not only by the circumstances of the parties, but also by the unique jurisdictional configuration of the New York court system. The Court’s research has not uncovered a case in which a petitioner sought to evict from a premises, owned solely by the petitioner and formerly occupied by all parties, an ex-domestic partner, who had minor children with the petitioner.
In this proceeding, Easton Blake (hereinafter petitioner) commenced a summary proceeding against his ex-domestic partner, Kim Stradford (hereinafter respondent), and a “John and Jane Doe.” The “John and Jane Doe” referred to in the petition are the minor, out-of-wedlock, children of the petitioner and respondent. The petitioner seeks to evict the respondent *349 and their minor children from the premises, known as 485 Pinebrook Avenue, West Hempstead, New York 11552.
The petitioner’s position is that the respondent, his ex-domestic partner, with whom he cohabited in the subject premises, is a “licensee,” and the license has now been revoked. The petitioner claims that the Court has jurisdiction to issue a warrant of eviction to have the respondent and their minor children removed from possession of the subject premises.
The respondent raises three defenses to this proceeding. First, she claims as the ex-domestic partner of the petitioner that there are sufficient implied and actual equitable and legal issues to be resolved by the dissolution of this domestic partnership to deny this Court from having jurisdiction to evict her as a “licensee.” Second, she claims that there is a derivative relationship with the petitioner (by residing in the family home with their minor children) which would deny this Court from having jurisdiction to evict her. Third, the Court should abstain from exercising its jurisdiction in this proceeding in the interests of judicial efficiency, as it would be better to have the dissolution of the family litigated in a forum which can best protect the interests of the parties and particularly the children of this domestic partnership.
Based upon the credible evidence adduced at trial, the Court makes the following findings of fact and conclusions of law:
Findings of Fact
In this proceeding, the parties do not dispute the dispositive facts. In January of 1989, the petitioner purchased a premises known as 485 Pinebrook Avenue, West Hempstead, New York. A certified copy of the deed to the premises was offered into evidence, although the respondent concedes that her name does not appear on the deed or mortgage. The monthly mortgage payment for the premises at issue is $1,350 per month.
In April of 1994, the parties had a child out of wedlock. In December of 1997, the respondent and the parties’ minor child moved into the subject premises with the petitioner. At the time that the respondent moved into the premises in question, there was no written agreement between the parties with regard to the subject premises and the respondent was not married to the petitioner. However, the parties were involved in a relationship, as boyfriend and girlfriend, and had been involved for some time. In July of 1999, the parties’ second child was born out of wedlock.
Sometime after the birth of the parties’ second child, in early 2000, the relationship between the parties failed. Soon thereaf *350 ter, the respondent brought a Family Court proceeding for child support of the parties3 two minor children. As a result of this proceeding, a Family Court order of support was issued. In May of 2000, the respondent commenced another Family Court proceeding. This proceeding was to obtain a protective order. On December 1, 2000, an order of protection was ordered by the Nassau County Family Court, in favor of the respondent and against the petitioner, upon default of the petitioner. The order of protection stated, in pertinent part, the following:
“Now, therefore, on default it is hereby ordered that * * * Easton B. Blake observe the following conditions of behavior:
“Stay away from Kim Stradford, and/or from the home of Kim Stradford, located at 485 Pinebrook Avenue, Lakeview, New York * * * or wherever she may be, except when appearing for visitation as agreed upon between the parties or as per court order — curbside pick-up and drop-off.”
Shortly after the order of protection was issued, the petitioner demanded that the respondent leave the premises. In December of 2000, the petitioner served the respondent a 10-day notice to vacate the premises. In January of 2001, the petitioner commenced a holdover proceeding to obtain exclusive possession of the premises in question, on the ground that the respondent is a “licensee” whose license has been terminated by the proper notice and service under RPAPL 713 (7). The respondent waived any defects in the 10-day notice, the petition and any jurisdictional defects.
At the commencement of this proceeding there was no support or custody order in effect. The order of protection, however, was in effect.
Conclusions of Law
The novel issue presented by this proceeding is whether the respondent, an ex-domestic partner of the petitioner, and the two minor children of the petitioner and respondent may be the subject of a summary “licensee” proceeding, pursuant to RPAPL 713 (7).
In order for this Court to have subject matter jurisdiction, there must be statutory authority permitting the petitioner to bring this summary proceeding. “It is well settled that summary proceedings are creations of statute and that, therefore, there must be strict adherence to the governing statutory provisions” (Giuffrida v Giuffrida, 170 Misc 2d 63, 65 [Yonkers *351 City Ct 1996], citing Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [Civ Ct, NY County 1984]).
The Nassau County District Court has jurisdiction of summary proceedings to recover possession of real property located in whole or in part within a district of the court in the County of Nassau, to remove tenants therefrom, and to render judgment for rent due without regard to amount (UDCA 204; RPAPL 701). RPAPL 713 sets forth the grounds for summary proceedings where no landlord-tenant relationship exists between the parties.
“A special proceeding may be maintained * * * after a ten-day notice to quit has been served upon the respondent * * * upon the * * * grounds
“[that] [h]e is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, or (c) the licensor is no longer entitled to possession of the property” (RPAPL 713 [7]).
“As generally understood in the law of real property, a licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege” (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st Dept 1963]).
Accordingly, this Court finds that the respondent is a “licensee” and the Nassau County District Court does have subject matter jurisdiction over the proceeding.
Respondent’s First and Second Defenses
The Court rejects the respondent’s first defense. Although RPAPL 743 provides that an answer in a summary proceeding may contain “any legal or equitable defense,” the respondent’s equitable defense that this Court does not have jurisdiction to evict her upon the ground that she is not a “licensee,” because of her status as a “domestic partner,” is simply without merit.
The law is clear that if the respondent’s status was that of a “wife” she would not be considered the mere “licensee” of her husband and could not be evicted under RPAPL 713 (7) (Rosenstiel v Rosenstiel, 20 AD2d 71, supra). The occupation of a marital home by a wife is not possession existing by virtue of the permission of her husband. Her possession of the premises ex *352 ists because of special rights incidental to the marriage contract and relationship. “As long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband has the obligation by virtue thereof to support and maintain his wife” (Rosenstiel v Rosenstiel, 20 AD2d, at 76-77). In the instant case, however, the respondent is not cloaked with the status of “wife.”
The respondent’s first defense is largely based upon a decision of the Civil Court of the City of New York, Bronx County, in Minors v Tyler (137 Misc 2d 505 [1987]). The Civil Court found that it did not have subject matter jurisdiction to evict a former cohabitant, in that the former cohabitant was not considered a “licensee.” This Court disagrees with the Civil Court’s decision and is bound by the Court of Appeals. The Court of Appeals has clearly held that “cohabitation without marriage does not give rise to the property and financial rights which normally attend the marital relation” (see Morone v Morone, 50 NY2d 481, 486 [1980]).
Moreover, the New York State Legislature has not sought fit to enact statutes to protect the property rights of “domestic partners.” In fact, the New York State Legislature has made it clear that it will not permit common-law marriages to be established in New York. Common-law marriages were abolished in New York State on April 29, 1933, as a result of a legislative amendment to section 11 of the Domestic Relations Law (45 NY Jur 2d, Domestic Relations, § 49). Accordingly, the respondent cannot claim to be protected by rights bestowed a common-law marriage. The rights and obligations that are bestowed a legal marriage or a common-law marriage do not arise in New York State, when parties choose to cohabit.
The respondent’s second defense that this Court does not have jurisdiction to evict her because she resides in the “family” home with the petitioner’s minor children is also denied. The interchanging of the respondent’s status from “domestic partner” to “mother of the petitioner’s children” does not alter the analysis outlined above.
Respondent’s Third Defense
The respondent contends that even if the Nassau County District Court has jurisdiction over the instant proceeding that the District Court should abstain from exercising its jurisdiction in the interest of judicial efficiency. The respondent claims that the dissolution of the family should be litigated in one forum, which can best protect the interests of the parties. The respondent’s defense is without merit.
*353 The respondent, in her memorandum of law, cited lower court cases in which the lower courts, when dealing with the issue of possessory rights, transferred the case to a court of general jurisdiction. Those cases cited by respondent involved marital discord and were adjudicated in the New York City Civil Court. This proceeding does not involve a marital relation and the Nassau County District Court does not have the power to transfer cases (NY Const, art VI, § 19 [i]; CPLR 325; see also, Sirota v Sirota, 164 Misc 2d 966 [Civ Ct, Kings County 1995], affd as mod 168 Misc 2d 123 [App Term 1996]).
A court may also stay its own proceedings in a proper case upon such terms as may be just (CPLR 2201). A motion to stay a proceeding is primarily addressed to the discretion of the court (see Pierre Assocs. v Citizens Cas. Co., 32 AD2d 495 [1st Dept 1969]). In the instant proceeding, however, a stay of the determination of the merits of this summary proceeding is not warranted.
In Nassau County, the jurisdiction to determine support of minor children is conferred upon the Family Court and the Supreme Court. The Family Court, however, does not have jurisdiction to determine the possessory rights of real property (RPAPL 701). The Nassau County District Court, a court of limited jurisdiction, does not possess authority to determine support and custody of minor children, but does have jurisdiction to determine the possessory rights of real property (UDCA 204; RPAPL 701). Accordingly, the respondent’s argument that the order of protection issued by the Family Court granted the respondent possessory rights in the premises at issue is misguided. Moreover, any argument by the respondent that a determination by this Court of the possessory rights of the premises will be in conflict with any determination by the Family Court on matters of support and custody is equally without merit. The respondent’s possessory rights in the premises at issue are not inextricably intertwined with the support and custody of the parties’ minor children. This Court can make a determination of possession without causing a conflict with the Family Court.
In Gray, New York Criminal Practice (at 71 [2d ed]) appears the following which confirms that orders of protection do not create property rights:
“In most cases where there exists the possibility of contact between the defendant and a victim or witness, the judge will issue an order of protection. The order may exclude the defendant from his own *354 home. This occurs frequently in cases of domestic violence, even where the defendant has title to the home. In this situation, the order of protection does not determine property rights but seeks to separate the parties and prevent violence during the pendency of a case.”
Judicial efficiency and the best interests of the parties is served by allowing a court that has jurisdiction over particular matters and is specially equipped to expeditiously and competently handle such matters to make a determination on those matters (see Antique & Period Furniture Co. v Lassandro, 40 Misc 2d 635 [Sup Ct 1963]).
Eviction of the Respondent
In view of the foregoing, the Court finds that the respondent is a “licensee” and that such license has been revoked. The respondent entered the premises by express permission of the petitioner, the owner of the premises, under a personal revocable privilege. The respondent did not possess any interest in the property, and the petitioner has, by written notice, revoked his permission and consent.
Eviction of the Petitioner’s Minor Children
While the question of whether a “wife” can be evicted by summary proceeding has long been settled, the eviction of another member of the nuclear family, such as “children,” is far from clear (see Rosenstiel v Rosenstiel, 20 AD2d 71, supra; cf. W & S Assocs. v Absolute Greek, 186 Misc 2d 170; Sirota v Sirota, 164 Misc 2d 966, supra; Nagle v DiPaola, 134 Misc 2d 753 [Nassau Dist Ct 1987]). Arguably, the petitioner’s children could be classified as “licensees.” However, while the petitioner has no legal obligation to support the respondent, he does have legal obligation to support his children. (Family Ct Act § 545.) It is a matter of fundamental policy that the parent of a minor child is responsible for support of the minor child until the child obtains the age of 21 years (see Matter of Alice C. v Bernard G. C., 193 AD2d 97 [2d Dept 1993]). “[T]he statutes regarding marital children and nonmarital children are analogous, in that both statutory schemes call for parental support of children in a fair and reasonable sum, according to the parents’ respective means” (Matter of Kathy G. J. v Arnold D., 116 AD2d 247, 253 [2d Dept 1986], appeal dismissed 68 NY2d 713 [1986]; see Family Ct Act §§413, 513, 545). The maintenance of a home being a basic and necessary element of sup *355 port raises a question of whether the minor children of the petitioner are mere “licensees.” This situation is strikingly similar to the case of Rosenstiel v Rosenstiel (20 AD2d 71, supra). The minor children’s possession of the premises exists because of special rights incidental to the parent/child relationship and a parent’s responsibility to support his minor children (cf. Rosenstiel v Rosenstiel, 20 AD2d 71, supra; see Family Ct Act §§ 513, 545). Accordingly, this Court finds that the petitioner’s minor children do not constitute “licensees,” pursuant to RPAPL 713 (7), and the proceeding against “John and Jane Doe” is hereby dismissed. The dismissal of the proceeding against the minor children does not alter the result against the respondent. The minor children were not necessary parties to this proceeding (CPLR 1001; see Loria v Anagnastopolous, 204 AD2d 608 [2d Dept 1994]).
Notwithstanding the above analysis and ruling, this Court is cognizant of the fact that an eviction of the respondent may likely cause the minor children to be removed from the premises. The children of a tenant can all be removed under a warrant of dispossession, though they were not a party to the summary proceeding brought against the tenant (see 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 38.31, at 596-597 [4th ed]; see also, Loira v Anagnastopolous, 204 AD2d 608, supra).
The Court’s Determination
A judgment of possession is granted in favor of the petitioner and against the respondent.
A warrant of eviction shall issue forthwith against the respondent, Earn Stradford, but its enforcement shall be stayed through and including the 30th day of July 2001. The stay of the warrant of eviction shall enable the respondent to find suitable housing and to pursue a proceeding for custody and support of the parties’ minor children in the Nassau County Family Court.