*396 OPINION OF THE COURT
Ruben A. Martino, J.
Petitioner commenced this summary holdover proceeding for a judgment of eviction against her two adult grandchildren.
Petitioner Mildred Williams resides at 6 Lenox Avenue, apartment 4A with respondents Lance and Lamar Williams. The apartment is owned by the New York City Housing Authority. The original lease for the apartment was in 1993. Petitioner Mildred Williams was the tenant of record along with her now deceased husband, Mack Williams. From the inception of the tenancy, Mildred and her husband brought with them their two grandchildren, respondents Lance and Lamar Williams. At the time, respondents, twins, were only 11 years old. They are now 24 years old. The respondents are listed on all income certifications and family composition and occupancy notices.
Petitioner and respondents have had a falling out. Mildred Williams obtained an order of protection against her grandchildren. The order of protection is not a stay away order since respondents are still allowed to remain in the premises and still live in the apartment. Petitioner seeks to move out of the fourth floor apartment to a ground floor one due to health considerations. However, she no longer wants the respondents living with her and has commenced this licensee proceeding seeking to evict her grandsons.
The question before the court is whether petitioner Mildred Williams may bring a summary proceeding under Real Property Actions and Proceedings Law § 713 (7) against her grandchildren as licensees in order to evict them from her apartment even though they have resided with her from the inception of the tenancy as part of the family.
Respondents argue that since they are listed in the family composition and occupancy notices they are tenants, not licensees, and thus have an interest in the property that cannot be revoked by petitioner. However, respondents are mistaken about the rights afforded to parties listed in a family composition and occupancy notice. 24 CFR 5.504 (b) defines a tenant as “an individual or a family renting or occupying an assisted dwelling unit.” In Matter of Faison v New York City Hous. Auth. (283 AD2d 353 [1st Dept 2001]), in a case where a remaining family member applied for succession rights after his mother died but failed his criminal background check, the Court found that 24 CFR 5.403 did not state that in addition to the head of *397 the household, members of the household are tenants. The statute only includes the remaining member of a tenant family among its definition of the term family (id. at 355). Looking at a review of 24 CFR part 966, “Public Housing Lease and Grievance Procedure,” the Court held that a family member is not the same as a tenant under federal regulations (id. at 355). Thus, neither federal law nor the federal regulations support respondents’ argument that they are tenants as a result of being listed on the family composition and occupancy notice. The family composition and occupancy notice would give respondents succession rights to the apartment, but not present tenancy rights (28 RCNY 3-02 [p]).
Since respondents are not tenants, it must be determined whether they can be evicted through a summary proceeding under RPAPL 713 (7) which states in part that a summary proceeding may be brought to recover possession of real property after notice has been made if the respondent “is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked, or (c) the licensor is no longer entitled to possession of the property.” The court must determine whether respondents Lance and Lamar Williams are licensees and thus subject to a summary proceeding.
A licensee is “one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege” (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st Dept 1963]). In Rosenstiel, the Court found that a wife in occupying her marital home cannot be deemed a licensee since she did not hold a license. The wife’s possession of the home existed as a result of special rights related to the marriage and the relationship between herself and her husband. Occupation of the marital home is one that does not exist through the permission of the husband (id. at 76-77). RPAPL 713 (7) does not allow a summary proceeding to be instituted in order to evict a wife from the home when her rights have not been annulled or changed by a decree or agreement.
This holding was extended to nonmarital couples in Minors v Tyler (137 Misc 2d 505 [Civ Ct, Bronx County 1987]). The court found that respondent could not be characterized as a licensee even though respondent and petitioner did not marry. At the *398 very least, respondent was a cooccupant who possessed an interest in the property, and therefore cannot be removed from occupancy under a summary proceeding. The court noted that today’s social climate has forced the courts to recognize that unmarried couples living together as husband and wife would be afforded some of the rights regarding continued occupancy of the shared apartment not unlike a married couple (id. at 507).
In Sirota v Sirota (164 Misc 2d 966 [Civ Ct, Kings County 1995], affd as mod 168 Misc 2d 123 [App Term, 2d Dept 1996]), a father attempted to bring a summary proceeding in an attempt to evict his two adult children from the home they lived in for 30 years. The father left the home. A divorce action that was pending at the time of the mother’s death was never resolved. The court found that since the children lived in the home for nearly 30 years making it their home, and lived with petitioner and their mother even after he left the home and the mother later died, they were not tenants. The court held that summary proceedings are limited to instances of landlord-tenant relationships as opposed to family situations (164 Misc 2d at 968).
The court in Nagle v Di Paola (134 Misc 2d 753 [Nassau Dist Ct 1987]) went even further, holding that the petitioner could not bring a summary proceeding to evict his stepchildren and classify them as licensees. Petitioner was still married to respondents’ mother with no matrimonial action pending between the two. The court found that the stepchildren’s possessory right to the apartment did not exist as a result of a license or agreement, but through the marital relationship between their mother and petitioner. Thus, the court did not have authority to hear the action.
The court focused more on the idea of modern societal changes in DeJesus v Rodriguez (196 Misc 2d 881 [Civ Ct, Richmond County 2003]). Here petitioner tried to evict respondent whom he lived with for years, purchased a home with, although the deed did not contain her name, and had children. The court, in finding for the respondent, stated that the nuclear family is no longer the sole model for family in this countiy (id. at 884). The parties lived together as a family and had a close personal relationship for over 10 years. They lived together prior to moving into the subject premises, and there was “emotional and financial commitment and interdependence” thus making them a family (id. at 885, citing Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989]). Therefore, petitioner could not commence a summary proceeding against respondent.
*399 As a result of these decisions, the court must hold that petitioner Mildred Williams cannot commence a summary proceeding against respondents Lance and Lamar as licensees and evict them from her home. Although no prior case has dealt with this issue as it pertains to grandchildren, later cases have emphasized the fact that the term family is not as rigid as it may have been in the past. For example, in Braschi v Stahl Assoc. Co. (74 NY2d 201 [1989]), a Court of Appeals case involving a gay partner’s right of succession to a rent-stabilized apartment, the Court held that term “family” should not be restricted to those who have made their relationship formal through a marriage certificate or adoption order (id. at 211).
These cases seemingly show that occupancy due to familial relationship does not constitute a licensee agreement as intended by RPAPL 713 (7). There are various forms of family relationships ranging from spousal, parent and child, and even nonmarried couples. They are unique and thus should not be terminated through summary proceedings, which tend to be speedy. Instead, more appropriate avenues must be taken such as ejectment actions or proceedings in Family Court.
Today, courts have recognized that the term “family” is much more varied than in the past and thus are more flexible in their definitions and approach toward the relationships between petitioners and respondents when granting summary proceedings. The modern family unit does not only consist of a husband, wife, and two children. Grandparents, in many instances are the parents, rearing their grandchildren as their own. As in Sirota (164 Misc 2d at 966), where respondents resided in the home for many years with the intention of making it their home, respondents Lamar and Lance Williams have lived in the apartment with petitioner as a family unit since 1993. It is clear that petitioner has cared for them since at least the inception of the tenancy. This mirrors DeJesus (196 Misc 2d at 885), where the court noted that the parties all lived together even before moving into the premises. Although the facts have not shown whether petitioner and her grandsons lived together prior to 1993, it is clear that there was a familial environment and relationship among these parties prior to 1993.
Protections against sudden eviction should not be determined by genetic history, but should instead be based on the reality of family life (Braschi, 74 NY2d at 211). The result is that the respondents are not really licensees whose right to remain in *400 the apartment can be revoked through a summary proceeding. As a result, the court cannot grant petitioner’s request for a summary proceeding to evict respondents.
The court understands petitioner’s desire to move to a lower floor and not to remain in occupancy with respondents. In order to achieve this, she must go through the proper avenues in order to evict respondents. As a result, the court will transfer petitioner’s case to the New York City Civil Court as an ejectment action so that she may seek a remedy.
Accordingly, this proceeding is dismissed and the case is transferred to the New York City Civil Court at 111 Centre Street, New York, New York as an ejectment action.