*610 OPINION OF THE COURT
Steven W. Brockett, J.
The respondent, by notice of motion, moves for an order dismissing this summary proceeding. By notice of cross motion, the petitioner opposes the motion and, in the alternative, seeks leave to amend the petition originally served on the respondent. The respondent has additionally submitted an affidavit in support of the motion.
Facts
The parties were involved in a same-sex relationship commencing in approximately 1998. They moved in together at the premises in question on Linden Place in Middletown in 1999. The mortgage for the home is solely in the petitioner’s name. The relationship between the parties ended sometime after the fall of 2007, although both parties continue to reside at the residence.
On July 28, 2010, the petitioner served a notice to quit demanding that the respondent surrender possession of the premises by August 31, 2010. When the respondent failed to comply, the petitioner commenced this summary proceeding by notice of petition to recover real property and petition. The petitioner designates the matter as a holdover proceeding and seeks a judgment of possession and a warrant of eviction against the respondent.
The respondent moves to dismiss, claiming that in the absence of a landlord-tenant relationship this summary proceeding must be dismissed. He additionally argues that he is not a licensee subject to summary eviction and asserts that he is a beneficial owner of the premises with a constructive trust defense to the eviction action. He asserts that the parties agreed to jointly purchase the property and that he has contributed to home improvements and monthly expenses, arguing that he has “spent countless hours designing and renovating the premises.”
In opposing the motion to dismiss, the petitioner alleges that he alone purchased the property. It is undisputed that he signed the contract of purchase and has paid the down payment, mortgage and taxes. He argues that the respondent is a tenant or, alternatively, a licensee. The petitioner argues that the motion should be denied and that he should be granted possession of the premises and a warrant of eviction.
*611 Discussion
It is clear that a landlord-tenant relationship does not exist between the parties. The respondent was not granted exclusive possession of the premises in exchange for rent, but rather received shared use and occupancy of the premises along with the petitioner. (See generally American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1st Dept 1994].) Section 713 of the Real Property Actions and Proceedings Law permits a summary proceeding to recover real property in the absence of a landlord-tenant relationship. An action may be maintained where the respondent “is a licensee of the person entitled to possession of the property at the time of the license, and . . . his license has been revoked by the licensor.” (RPAPL 713 [7].)
New York courts have split over whether a summary proceeding pursuant to RPAPL 713 (7) may be used to evict family members and cohabiting former domestic partners. Generally, family members have been given protection from a RPAPL eviction. (See Rosenstiel v Rosenstiel, 20 AD2d 71 [1st Dept 1963] [spouse not subject to eviction]; Sears v Okin, 16 Misc 3d 134[A], 2007 NY Slip Op 51510[U] [App Term, 9th & 10th Jud Dists 2007] [minor children not subject to eviction absent a support order providing for their housing]; Sears v Okin, 6 Misc 3d 127[A], 2004 NY Slip Op 51691[U] [App Term, 9th & 10th Jud Dists 2004] [same]; Williams v Williams, 13 Misc 3d 395 [Civ Ct, NY County 2006] [adult grandchildren not subject to eviction]; Sirota v Sirota, 164 Misc 2d 966 [Civ Ct, Kings County 1995] [adult children not subject to eviction], mod on other grounds 168 Misc 2d 123 [App Term, 2d Dept 1996]; Nagle v Di Paola, 134 Misc 2d 753 [Nassau Dist Ct 1987] [minor stepchildren not subject to eviction]; but see Halaby v Halaby, 44 AD2d 495 [4th Dept 1974] [wife subject to eviction where prior Family Court order provides for her support]; Lally v Fasano, 23 Misc 3d 938 [Nassau Dist Ct 2009] [daughter-in-law subject to eviction].)
The decisions regarding former domestic partners constitute a legal hodgepodge that no appellate court has yet addressed. Some courts have held, based on evolving societal notions of what constitutes a family, that former partners are not licensees and, therefore, not subject to removal via a RPAPL summary proceeding. (See Robinson v Holder, 24 Misc 3d 1232[A], 2009 NY Slip Op 51706[U] [Suffolk Dist Ct 2009]; Griffith v Reid, NYLJ, Dec. 11, 2008, at 27, 2008 NY Misc LEXIS 7531 [Civ Ct, *612 NY County]; DeJesus v Rodriguez, 196 Misc 2d 881 [Civ Ct, Richmond County 2003]; Minors v Tyler, 137 Misc 2d 505 [Civ Ct, Bronx County 1987].) Other courts have permitted the eviction of former partners via RPAPL 713 (7). (See Drost v Hookey, 25 Misc 3d 210 [Suffolk Dist Ct 2009]; Landry v Harris, 18 Misc 3d 1123[A], 2008 NY Slip Op 50174[U] [Civ Ct, NY County 2008]; Valentino v Reyes, NYLJ, Mar. 16, 2006, at 17, 2006 NY Misc LEXIS 4021 [Civ Ct, Bronx County]; Blake v Stradford, 188 Misc 2d 347 [Nassau Dist Ct 2001].)
Although RPAPL 713 (7) permits the dispossession of a “licensee,” the term is not defined in the statute. Most of the conflict in New York case law arises over whether family members and cohabiting former partners are licensees. Some courts have granted a blanket exclusion from a finding of “licensee” for any party involved in a familial relationship with the party seeking eviction. Other courts have reviewed the relationship between the parties on a case-by-case basis. With conflicting methods of review, it is not surprising that results are sometimes in conflict.
Decision
L
In my view, a consistent and organized approach to the familial/cohabiting former partner issue has been offered by the District Court in Drost v Hookey. In Drost, the court reviewed the common-law concept of “lodger,” a term applied to cohabiting, nonmarried adults. (25 Misc 3d 210, 213 [2009].) Under the common law, summary proceedings were limited to parties in landlord-tenant relationships; lodgers could only be dispossessed in an ejectment action. (Id. [and cases cited therein].) Through the enactment of the Civil Practice Act in 1921, the State Legislature permitted the use of summary proceedings for some non-landlord-tenant relationships. (Id.) In 1951, with the enactment of Civil Practice Act § 1411 (8), the Legislature specifically permitted the summary removal of licensees. (Id.; see also Halaby v Halaby, 44 AD2d at 499; Rosenstiel v Rosenstiel, 20 AD2d at 72 [noting that RPAPL 713 (7) was derived from Civil Practice Act § 1411 (8)].) The District Court in Drost found that this expansion, created by the Civil Practice Act and carried over into the Real Property Actions and Proceedings Law, evinced the Legislature’s intention to make the summary proceeding remedy “all encompassing.” (25 Misc 3d at 213.) *613 The District Court found that the Legislature intended the summary proceeding remedy provided in Civil Practice Act § 1411 (8) and, subsequently, in RPAPL 713 (7) to apply to all common-law licensees. (Id. at 213-216.) The Drost court noted that several trial courts, relying on Rosenstiel v Rosenstiel (supra), had found a “familial relationship exception” to the broad common-law definition of licensee. (Id. at 214.) Rather than relying on an individual court’s subjective review of the familial relationship to determine if a party was a licensee subject to summary eviction, the Drost court proposed an objective “statutory opt-out” test. (Id. at 215.) The court proposed that RPAPL 713 (7) evictions apply to “all common-law licensees except those who can claim an £opt-out’ status by virtue of inclusion in a legislative vehicle which grants them greater rights than those of a licensee.” {Id. at 216.)
This objective approach is consistent with the policy objectives of the Real Property Actions and Proceedings Law by allowing summary eviction in appropriate cases. Without recourse to a summary proceeding remedy, a party must file an ejectment action — a proceeding both more time consuming and more costly. (See Halaby v Halaby, 44 AD2d at 500.) The objective approach also shows sufficient deference to protections given to licensees by other laws. A licensee cannot be dispossessed via a summary proceeding under RPAPL 713 (7) where a specific statutory grant of rights provides the licensee with protections beyond those afforded at common law. This framework is consistent with the appellate court decisions in this area. (See Halaby v Halaby, supra [Fourth Department holds that a wife is a licensee subject to summary removal where a Family Court judge had previously issued a support order providing for her needs]; Rosenstiel v Rosenstiel at 76-77 [First Department prevents a wife’s eviction as contrary to support obligations imposed on her husband by the Domestic Relations Law]; Tausik v Tausik, 11 AD2d 144, 145 [1st Dept 1960], affd 9 NY2d 644 [1961] [a wife who had separated from her spouse could agree to a license to use husband’s property and upon valid revocation of that license would be subject to summary eviction under Civil Practice Act § 1411 (8)]; Sears v Okin, 16 Misc 3d 134[A], 2007 NY Slip Op 51510[U] [2007] [Appellate Term holds that because of support obligations imposed on a father by the Domestic Relations Law, a former domestic partner and minor children could not be summarily evicted without a valid support order providing alternate housing for the children].)
*614 The objective opt-out test provides protection to minor children based on support obligations imposed by the Domestic Relations Law while permitting a summary proceeding against adult children and grandchildren. (See Drost, 25 Misc 3d at 216 n 2.) In the case of former domestic partners, this methodology is consistent with precedent from the Court of Appeals. (See Morone v Morone, 50 NY2d 481, 486 [1980] [“cohabitation without marriage does not give rise to the property and financial rights which normally attend the marital relation”]; Braschi v Stahl Assoc. Co., 74 NY2d 201 [1989] [New York City’s rent control regulations provide a same-sex domestic partner with protection from eviction beyond that provided to licensees].)
I hold that the summary eviction remedy of RPAPL 713 (7) applies to all common-law licensees except those provided greater protections through specific legislative action.
IL
In the instant case, the respondent’s motion to dismiss is denied. I find that the respondent is a licensee and has claimed no alternative statutory entitlement to protections greater than those provided by RPAPL 713 (7). The respondent is, therefore, subject to removal via this summary proceeding.
Preliminarily, the respondent has received adequate notice to quit the premises. Under RPAPL 713 (7), a licensee must be provided with 10 days’ notice. In the instant case, the petitioner provided the 30-day notice protection normally afforded only to parties in a landlord-tenant relationship. As the respondent has received notice well in excess of that required by law, the notice is sufficient. (See Drost at 212.) Further, the petitioner’s designation of the proceeding as one to recover possession of real property from a holdover is proper. (See e.g. Rodriguez v Greco, 25 Misc 3d 1012 [Nassau Dist Ct 2009]; Landry v Harris, 18 Misc 3d 1123[A], 2008 NY Slip Op 50174[U] [Civ Ct, NY County 2008].)
The respondent claims to be a beneficial owner and has raised the potential defense of constructive trust. Under RPAPL 743, a licensee may use equitable affirmative defenses to defeat a summary proceeding eviction. (See Paladino v Sotille, 15 Misc 3d 60 [App Term, 9th & 10th Jud Dists 2007]; Suissa v Baron, 24 Misc 3d 1236CA], 2009 NY Slip Op 51766[U] [Suffolk Dist Ct 2009].) As there are factual issues regarding the respondent’s *615 equitable interest in the property that cannot be decided on the papers submitted, a hearing will be held to consider those claims.