OPINION OF THE COURT
Jose Rodriguez, J.
Petitioner, George E. Nauth, commenced this licensee holdover proceeding against respondent, Mahalia Nauth, in August 2013 seeking to recover possession of premises located at 218 Howe Avenue, Bronx, New York. The petition alleges that respondent’s license to occupy the subject premises was terminated on August 11, 2013 pursuant to a 10-day notice to quit to licensee. Respondent occupies the first floor apartment and petitioner rents out the second floor apartment to a third party.
Petitioner and respondent were married in October 1995, but divorced 16 years later in August 2011. They lived together in their marital home for many of those 16 years. As a working spouse, respondent made contributions to the residence and household. Although respondent did not pay rent or use and occupancy for the subject premises she alleges that she made payments towards utilities and maintenance of the residence. The deed and mortgage of the subject premises are in petitioner’s name. On August 10, 2006, while the parties were still married, petitioner became owner of the subject building.
Petitioner attempted to eject respondent in Supreme Court, but was denied because the divorce proceeding granted him neither ownership nor sole and exclusive occupancy of the marital residence. Petitioner then commenced a licensee holdover proceeding which was dismissed due to a defective predicate notice. Petitioner thereafter commenced the instant licensee holdover proceeding as a result of respondent’s continued residence in the marital home. The petition describes the premises as “all rooms of 218 Howe Avenue, Bronx, New York.” The petition does not specify which apartment petitioner seeks possession of. It is clear from the testimony at trial that the building contains two apartments, that occupied by respondent and that leased to a third party. RPAPL 741 requires that *674 the petition describe the premises from which removal is sought. (Papacostopulos v Morrelli, 122 Misc 2d 938 [Civ Ct, Kings County 1984].) The description must be accurate enough to allow a marshal to locate the premises without additional information. (Elul Realty Corp. v Java N.Y. Ltd., 12 Misc 3d 336 [Civ Ct, Kings County 2006].)
In addition, based on indicia of true family, the court finds that the respondent is a family member, not a mere licensee.
RPAPL 713 (7) provides, in part, that after the service of a 10-day notice to quit, a special proceeding may be brought against a licensee when his/her license has expired or has been revoked. While no explicit definition of “licensee” is provided in RPAPL 713 (7), a licensee in a landlord/tenant context is generally defined as someone who is granted permission, express or implied, by the owner to use and/or occupy the subject premises. (Minors v Tyler, 137 Misc 2d 505, 507 [Civ Ct, Bronx County 1987], quoting Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st Dept 1963].) Licenses are revocable and not assignable. (Id.) Frequently licensee holdover proceedings are brought against a family member (erroneously or otherwise) to evict.
Rosenstiel v Rosenstiel, the seminal case concerning licensee eviction proceedings against family members, states that absent any legal modification to the marital relationship, a spouse may not be evicted in a summary licensee holdover proceeding. Citing the pertinent 1951 Report of the Law Revision Commission, the Court observed that RPAPL 713 (7) was not intended to shield a divorced or separated spouse. (Id. at 75; see also Kakwani v Kakwani, 40 Misc 3d 627, 631 [Nassau Dist Ct 2013].) However, case law over the past 50 years has shifted away from the exclusionary legislative intent espoused above.
In 1987, Minors v Tyler (137 Misc 2d 505 [Civ Ct, Bronx County 1987]) carved out a family member exception to licensee holdover proceedings. In that case, the petitioner sought to evict the respondent, a de facto spouse/paramour/partner, as a licensee. While the two were never legally married, the court denied the petitioner’s motion, stating that based upon the “marital relationship” respondent was not a mere licensee. (Id. at 507.) The respondent was classified as a “family member” and thus afforded rights beyond that of a licensee. Other cases expanded the classification of family member to include stepchildren (Nagle v Di Paola, 134 Misc 2d 753 [Nassau Dist Ct 1987]), adult lifetime partners (Braschi v Stahl Assoc. Co., 74 NY2d 201 [1989]), adult children (Sirota v Sirota, 164 Misc *675 2d 966 [Civ Ct, Kings County 1995]), an ex-girlfriend and minor children of the relationship (DeJesus v Rodriguez, 196 Misc 2d 881 [Civ Ct, Richmond County 2003]; see also Robinson v Holder, 24 Misc 3d 1232[A], 2009 NY Slip Op 51706[U] [Suffolk Dist Ct 2009]), adult grandchildren (Williams v Williams, 13 Misc 3d 395 [Civ Ct, NY County 2006]), and a sister-in-law (Kakwani v Kakwani, 40 Misc 3d 627 [Nassau Dist Ct 2013]).
In determining whether a family member is a licensee, a case-by-case analysis is employed. (Kakwani v Kakwani, 40 Misc 3d 627, 631 [Nassau Dist Ct 2013].) In Kakwani, the court examined whether the family member exception applied to a sister-in-law. The court looked to indicia of “true family,” including duration of the relationship, a shared home, emotional and financial commitment and interdependence. (Id. at 637; see also Braschi v Stahl Assoc. Co., 74 NY2d 201, 211 [1989].) It concluded that significant indicia of a true family existed and therefore the respondent’s “right to reside . . . arises not merely from the petitioner’s consent but from her marriage into the family.” (Id.)
Respondent is a family member based on indicia of “true family.” Respondent was married to petitioner for almost 16 years. Over the course of those years, they shared a home and respondent contributed monetarily to the household. While facts on emotional support are sparse, the very nature of a husband and wife relationship implies a degree of emotional support and interdependence. Thus, respondent is a family member based on the indicia of “true family,” because she was married to petitioner for over 15 years, shared a home with petitioner, contributed financially to the household, and engaged in an interdependent relationship.
It should be noted that despite the divorce, a family relationship still exists. The courts in DeJesus and Robinson found that an ex-girlfriend met the requirements of a family member. If an ex-girlfriend is afforded such rights, then it logically follows that an ex-wife from a 16-year marriage should too enjoy rights beyond that of a mere licensee. Divorce does not erase 16 years of interdependence and support. As a family member, respondent is not a mere licensee and is therefore entitled to greater rights as per the “family member” exception in Minors v Tyler (137 Misc 2d 505 [Civ Ct, Bronx County 1987]).
Based on the indicia of “true family,” respondent is a family member and not a mere licensee. A licensee holdover proceeding based upon a 10-day predicate notice is inappropriate in the *676 instant case. In addition the petition is defective in that it fails to adequately described the premises sought to be recovered. Accordingly, the petition is dismissed.