Virga v Virga (2024 NY Slip Op 50139(U))

[*1]

Virga v Virga

2024 NY Slip Op 50139(U)

Decided on February 13, 2024

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2024
Civil Court of the City of New York, Bronx County

Lucy Virga, Petitioner,

against
David Virga and JANA MILLER, Respondents-Occupants, "JOHN DOE" and "JANE DOE", Respondents-Unknown Occupants.

Index No. 323367-23/BX

Attorney for Petitioner:
Brian A. Stark, Esq.
1325 Castle Hill Ave
Bronx, New York 10462 
(718) 792-1200
brianstark&commat;starklawpllc.com
Attorney for Respondent:
Agoly Elysee Degre, Esq.
URBAN JUSTICE CENTER 
123 William Street, 16th Floor
New York, New York 10038 
(646) 647-2809
edegre&commat;urbanjustice.org

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Respondent David Virga's motion to dismiss or, in the alternative, to file a late answer:
Papers NYSCEF DOC #
Notice of Motion 7
Attorney's Affirmation in Support 8
Exhibits A (Proposed Answer), B (Respondent's Affidavit), C (Deed) in Support 9, 10, 11
Attorney's Affirmation in Opposition 14
Attorney's Affirmation in Reply 16
PROCEDURAL HISTORY AND BACKGROUND
This is a licensee eviction proceeding against the occupants of the second-floor apartment of a two-family building based on a ten-day notice to quit. Petitioner and Respondent [*2]David Virga (hereinafter Respondent) are both represented by counsel; Respondent Jana Miller appears without counsel. Now before the court is Respondent's pre-answer motion seeking (1) dismissal under CPLR RR 3211(a)(1), (2) and/or (7); (2) imposition of civil penalties under New York City Admin. Code §§ 27-2004 and 27-2005 due to harassment; or, in the alternative, (3) leave to interpose a late answer under CPLR § 3012.
In his supporting affidavit Respondent asserts he has lived in the subject premises since he was born in 1981; his girlfriend, Respondent Jana Miller, moved in with him in 2021; Petitioner is his mother, who raised him in the subject premises and moved out in 2008 after getting remarried; since his mother moved out he has paid the "overhead and maintenance fees", Resp's Affid. at ¶ 5, and she has continued to collect rent from the first-floor tenant; in December 2022 his mother transferred ownership to him, retaining a life estate for herself, as reflected in the current deed [Exhibit C, NYSCEF Doc. #11]; his mother commenced this eviction proceeding after making a proposal to sell the property, which he rejected; his mother has engaged in harassing behavior including illegally locking Jana Miller out of the premises, replacing locks on the garage and shed without providing copies of the keys and shutting off utilities. Respondent also asserts defects in the service of the papers: "I received one copy of a Notice to Vacate and another copy of the same placed by the door . . . I also received one copy of the Petition and Notice of Petition in the mail, and another was slipped under the door in an envelope addressed to me." Resp's Affid. at ¶¶ 14-15. In the alternative, Respondent seeks leave to file a late answer under CPLR § 3012(d), with a proposed answer attached as Exhibit A [NYSCEF Doc. # 9].
Respondent's attorney argues that this court lacks subject matter jurisdiction, and the petition fails to state a cause of action, based on a "family exception" prohibiting Petitioner from bringing this licensee eviction proceeding against her son, citing to Rosenstiel v Rosenstiel (20 AD2d 71, 245 NYS2d 395 [1st Dep't 1963]), and other case law. Respondent argues that such "familial relationship exception to the licensee definition should bar the use of summary proceedings to remove adult children from their elderly parent's homes," Attorney's Affirm. at ¶ 28, and Petitioner should instead be required to commence an ejectment action in State Supreme Court. Respondent's attorney also argues that Petitioner should be ordered to pay civil penalties and compensatory damages under New York City Administrative Code Section 27-2115(j) based on Respondent's allegations of harassment. In the alternative, Respondent's attorney argues that Respondent's proposed answer should either be deemed timely served and filed under RPAPL § 743 or permitted as a late answer under CPLR § 3012(d).
In opposition, Petitioner argues that the petition properly states a cause of action and Respondent's claim under Rosenstiel v Rosenstiel, supra, due to the mother-son relationship between the parties is misplaced as that case involved "the special legal relationship of a husband and wife incidental to a marriage contract." Attorney's Affirm. at ¶ 14. Petitioner points out that Respondents are not minor children and Petitioner has no legal duty to support them. As to Respondent's request for an order to pay civil penalties and compensatory damages due to alleged harassment, Petitioner argues this is pre-mature and must await trial. Petitioner also opposes Respondent's request to file an answer, arguing that the Respondent waived the proposed personal jurisdiction defense by including an unrelated counterclaim for harassment and because Respondent appears by counsel who filed a Notice of Appearance on December 4, 2023 without preserving the right to challenge personal jurisdiction.
On reply, Respondent reiterates his argument that this licensee eviction proceeding under [*3]RPAPL § 713(7) is barred under the "family exception" of Rosenstiel v Rosenstiel, and discusses at length the decision in Sirota v Sirota (164 Misc 2d 966, 968, 626 NYS2d 672, 673 [Civ Ct Kings Co 1995]), cited by Petitioner's attorney in his opposition papers, as support for the proposition that a parent cannot eviction adult children as licensees.
DISCUSSION
On a motion to dismiss under CPLR R 3211 the court is required to afford a liberal construction to the pleading. Leon v Martinez (84 NY2d 83, 87-88, 638 NE2d 511, 513, 614 NYS2d 972, 974 [1984]). The court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." Id. A motion to dismiss under CPLR R 3211(a)(1) based on documentary evidence, "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." Goshen v Mut Life Ins Co (98 NY2d 314, 326, 774 NE2d 1190, 1197, 746 NYS2d 858, 865 [2002]).
As holder of a life estate in the premises, Petitioner is permitted to bring an eviction proceeding against the occupants. "The real substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life." In re Estate of Carey (249 AD2d 542, 544, 672 NYS2d 131, 133 [2nd Dep't 1998]). As holder of a remainder interest in the premises, Respondent "has no right to possession of the premises for the duration of the [mother's] life." Novakovic v Novakovic (25 Misc 3d 94, 95, 890 NYS2d 758, 759 [App Term 2nd Dep't 2009]). 
There is no blanket "familial exception" to RPAPL § 713(7) that bars Petitioner from seeking to evict her 43-year-old son from the premises as a licensee whose license has been terminated.[FN1]
Great Jones St Realty Corp v Chimsanthia (74 Misc 3d 126[A], 157 NYS3d 851 [App Term 1st Dep't 2022]); Aloni v Oliver (70 Misc 3d 137[A], 138 NYS3d 788 [App Term 1st Dep't 2021]); Heckman v Heckman (55 Misc 3d 86, 50 NYS3d 793 [App Term 2nd Dep't 2017]). The parties have not lived together as a "family unit" in over 15 years, compare, e.g., Kakwani v Kakwani (40 Misc 3d 627, 967 NYS2d 827 [Nassau Co Dist Co 2013]; Williams v Williams (13 Misc 3d 395, 822 NYS2d 415 [Civ Ct NY Co 2006]); Sirota v Sirota (164 Misc 2d 966, 968, 626 NYS2d 672, 673 [Civ Ct Kings Co 1995], mod on appeal, 168 Misc 2d 123, 644 NYS2d 950 [App Term 2nd Dep't 1996]), and Respondent — who is not a minor but an adult over 40 years old — has no legal claim of entitlement to financial support from his mother at this point in his life, compare Blake v Stradford (188 Misc 2d 347, 355, 725 NYS2d 189 [Nassau Co Dist Co 2001]). Civil Court is the preferred forum for resolution of disputes over possession of real property, "rather than relegating petitioner to the more cumbersome Supreme Court ejectment action." Aloni v Oliver, supra. 
The decision in Sirota v Sirota, supra, does not warrant a different outcome. First, that proceeding was apparently brought under RPAPL § 711 not under RPAPL § 713(7). This is evident from the first sentence of the decision which refers to the predicate notice as a "30-day termination notice", as opposed to a 10-day notice to quit, and the statement near the end of the decision (fourth to last sentence) that, "The remedy provided by RPAPL article 7 is limited to instances of landlord-tenant relationship". RPAPL Article 7 proceedings are limited to landlord-tenant situations under RPAPL § 711 ("Grounds where landlord-tenant relationship exists"), but not under RPAPL § 713 ("Grounds where no landlord-tenant relationship exists"). Further, the critical and sympathetic facts in Sirota include that the adult children facing eviction, "have lived with petitioner, their father, and his wife, their mother, for nearly 30 years, making it their home. They continued to reside there in his absence, and there cared for their mother until her death." Civil Court Judge Mason concluded that, "Under such circumstances, the petitioner could not, merely by walking out, constitute them tenants whom he may oust by summary proceeding." (164 Misc 2d at 968, 626 NYS2d at 673). There are no such facts alleged herein. Finally, in his decision, Judge Mason did not dismiss the proceeding but attempted to transfer it to Supreme Court; this was modified on appeal by the Appellate Term, which sent the case back to Civil Court, finding it lacked jurisdiction to make such a transfer.
RESPONDENT'S ANSWER
Under RPAPL § 743, the answer in a holdover eviction proceeding is to be asserted or filed "at the time when the petition is to be heard," which has been interpreted to mean that the time is extended when the proceeding is adjourned. Picken v Staley (2011 NY Misc LEXIS 5910, 2011 NY Slip Op 33237[U] [Civ Ct NY Co May 16, 2011]). See also, e.g., In-Towne Shopping Centers Co v DeMottie (17 Misc 3d 134[A], 851 NYS2d 70 [App Term 2nd Dep't 2007]); Barker v Cruz (75 Misc 3d 1206[A], 167 NYS3d 382 [Civ Ct Bronx Co 2022]). Here, Respondent is permitted to interpose an answer pursuant to CPLR § 404(a), now that his pre-answer motion has been denied. Respondent's proposed answer [NYSCEF Doc. # 9] is deemed duly served and filed, with the "First Objection in Point of Law" stricken.
While Respondent is permitted to raise harassment as an affirmative defense in his answer, he is not entitled to an order assessing penalties and compensatory damages at this pre-trial juncture. As to Petitioner's argument that any challenge to personal jurisdiction was waived by Respondent's counsel's filing of a Notice of Appearance without preserving such a defense, see, e.g., Capital One Bank, NA v Faracco (149 AD3d 590, 50 NYS3d 285 [1st Dep't 2017]), here, where on the same day he filed a Notice of Appearance Respondent's counsel also filed a motion seeking, in the alternative, to deem a proposed answer raising a personal jurisdiction challenge timely served and filed, the defense has not been waived.
CONCLUSION
For the foregoing reasons, it is hereby ORDERED that Respondent's motion is denied to the extent it seeks dismissal of this proceeding and granted to the extent it seeks leave to file an answer and have the proposed answer deemed duly filed, except as noted above. This case will be restored to the Part K-SPP calendar for a pre-trial conference on April 18, 2024 at 2:15 p.m. This constitutes the Decision and Order of this Court, which is being uploaded on NYSCEF.
Diane E. Lutwak, HCJ
Dated: February 13, 2024
Bronx, New York

Footnotes

Footnote 1:Respondent makes no claim that he is a tenant entitled to greater notice under RPAPL § 711 ("Grounds where landlord-tenant relationship exists"), as opposed to the 10-day notice permitted under RPAPL § 713 ("Grounds where no landlord-tenant relationship exists"), and, in any event, there is also no blanket "familial exception" that bars an eviction proceeding against a family member under RPAPL § 711, see, e.g., Persain v Persane (77 Misc 3d 992, 182 NYS3d 565 [Civ Ct Qns Co 2022]).