**Boulevard Together Master Tenant v Fermin**

2025 NY Slip Op 33780(U)

October 10, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-302021-24/KI

Judge: Shantonu J. Basu

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART T
--------------------------------------------------------------X
BOULEVARD TOGETHER MASTER TENANT

                   Petitioner            Index No. LT-302021-24/KI

      -against-                         **DECISION/ORDER**

ELVIS FERMIN, et al.

                Respondent(s)
--------------------------------------------------------X
Present:
Hon. Shantonu J. Basu
Judge, Housing Court

As required by CPLR § 2219(a), the following is a recitation of the papers considered in the review of motion sequence 1.

| **PAPERS** | **NUMBERED** |
|---|---|
| Notice of Motion, Affirmation, Exhibits, etc. | 1 |
| Affirmation/Affidavit in Opposition | 2 |
| Affirmation in Reply | 3 |

For the reasons stated below, the court grants Respondent's motion for summary judgment.

This is a holdover proceeding concerning a former NYCHA property that was converted to semi-private ownership under the Rental Assistance Demonstration/ Permanent Affordability Commitment Together (RAD/PACT) program.

Both parties agree that Petitioner did not serve a VAWA notice along with the notice of termination. Respondent argues that this was a fatal error because, among other arguments, Respondent was a tenant within the meaning of the VAWA statute. Petitioner denies this. Petitioner reasons that Respondent is not a tenant or an applicant for federally subsidized housing because NYCHA denied Respondent's remaining family member grievance prior to the commencement of this proceeding.

1

[* 1]

The VAWA statute requires that an owner or manager of a covered housing program provide a specific VAWA notice and certification form to a tenant of subsidized housing along with any notification of eviction (34 USC § 12491[d][2][C])

The law requires that VAWA forms be attached to the predicate notice so that survivors of domestic violence can be protected from displacement. The VAWA forms also serve to inform all individuals, whether survivors or not, of their rights under the statute. In the instant case, Respondent does not claim any prejudice resulting from Petitioner not attaching the VAWA notice to the notice of termination.

Nonetheless, it is not for this court to speculate about whether the VAWA notice would have afforded Respondent any special considerations. Courts have ruled in blanket fashion that the VAWA forms must be attached to the notice of termination (*see 1471 Brooklyn LLC v Glanville*, 2024 NYLJ LEXIS 3639 [Civ Ct, Kings County 2024] [ "A review of the Notice of Termination reflects that Petitioner failed to annex a VAWA notice. Petitioner's non-compliance with the VAWA requirements mandates a dismissal of this proceeding"] [*citing Diego Beekman Mutual Housing Association HDFC v McClain*, LT 320278-23/BX (Civ Ct, Bronx County 2024)"]).

Thus, since both sides agree that the VAWA notice was not attached, the issue reduces to whether Respondent is a tenant (or applicant) within the meaning of VAWA. The definition of "tenant" is found in the regulations promulgated by HUD. The plain language of the relevant regulation defines "tenant" as "an individual or a family renting or occupying an assisted dwelling unit" (24 CFR § 5.504[b]).

Respondent is an individual occupying an assisted dwelling unit. Yet despite the plain language of the regulation, the question of whether Respondent is a tenant is close one. Not every occupant is a tenant for every purpose (*cf. Faison v NYCHA.*, 283 AD2d 353, 355-56 [1st Dept 2001] ["Thus a person who claims entitlement to a lease as a remaining family member, although not a 'tenant' for all purposes under the regulations, is entitled to due process rights similar to those of a tenant for the purposes of grievance proceedings concerning his claim."]; *Williams v Williams*, 13 Misc 3d 395, 396 [Civ Ct, NY County 2006] [ruling that that in a tenant-against-tenant action, the respondent-occupant was not a true tenant for the purposes of that litigation]).

2

[* 2]

Nonetheless, Respondent has the stronger argument. VAWA is a remedial statute. Remedial statutes are designed to correct imperfections in prior law (*Matter of Mia S.*, 212 AD3d 17, 22 [2d Dept 2022]). VAWA was designed to improve protections for potential victims and survivors of domestic violence (*Breest v Haggis*, 180 AD3d 83, 92 [1st Dept 2019]). Where possible, remedial statues should be interpreted broadly (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 35 [1st Dept 2011]).

Given VAWA's remedial nature, the court finds that the term "tenant" within the statute must be interpreted broadly enough to cover occupants who remain in possession after an unsuccessful remaining family member grievance. Therefore, the court grants Respondent's motion for summary judgment, and the instant proceeding is dismissed without prejudice.

This constitutes the decision/order of the court.

Dated: October 10, 2025
Brooklyn, NY

_____
Hon. Shantonu J. Basu
Housing Court Judge

3

[* 3]